## JAMES L. HERBERT et al. *v.* S. B. SPURLOCK.

The filing of the demurrer by the party who obtained leave, was a waiver of all irregularities previously committed by the court or the parties.

The evidence introduced to establish the credit on the note was properly rejected, as the defendant could only have availed himself of it in the justices' court.

In error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The defendant in error, Spurlock, sued James L. Herbert in the justices' court of Monroe county, upon a promissory note

Herbert et al. *v.* Spurlock.

which had been previously executed by him for the sum of $55 by Walton, into whose hands the note had fallen, entered a credit on it without any consideration for the credit, so as to bring the note under fifty dollars, the amount limited to the jurisdiction of the justices' court. John Lawson, to whom the note had been traded, guaranteed the payment of the note on the back, and traded it to Spurlock, who sued Herbert and Lawson in a joint action in the justices' court; and they appeared and defended it, and judgment was rendered in favor of Herbert and Lawson.

Spurlock did not take an appeal or *certiorari* from the decision of the justices' court, but took the note that he had sued on from the papers in the justices' court, and scratched out the credit that had been entered on it, to bring it within the jurisdiction of the justices' court, and brought suit on it in the circuit court against Herbert and Lawson. The defendant Herbert filed, at the first term of the court, two pleas. First, that he did not execute the note, or owe the debt; and second, that the note had been materially altered, &c. To which answer the plaintiff demurred, and the defendant joined in the demurrer; and at the next term of the court, the plaintiff Spurlock asked leave of the court to withdraw his demurrer, which was granted. Herbert, the defendant, asked and obtained leave to withdraw his demurrer and demur to the complaint, which he did. The court overruled the demurrer of defendant, and a joint answer was filed by the defendants, without any affidavit being filed as to the merits of the defence. Several other demurrers were filed to the answers and replications during the progress of the cause. Testimony in relation to the credit that had been entered on the note was ruled out by the court.

The jury found a verdict for the plaintiff for the amount of the note sued on and interest, and Herbert and Lawson prayed a writ of error to this court.

*James L. Herbert*, in *propriâ personâ*, filed an elaborate written argument.

*Sadler* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

After the pleadings had become quite complicated, the defendant below obtained leave to demur ·to the complaint. This demurrer, having been filed, was overruled. This proceeding was a complete waiver of all irregularities, if any, previously committed by the parties or by the court.

The court permitted the defendant, after overruling the demurrer, to file an answer without an affidavit of merits.

The cause was finally put to a jury, who found a verdict for the plaintiff below, in which we find no error.

The evidence introduced to establish the credit on the note was properly rejected, as the defendant could only avail himself of it in the justices' court, where he had succeeded once in defeating the action. We find no error in the record.

Judgment affirmed.