HENRY D. MANDEVILL et al. *vs.* J. & J. A. LANE et al.

At law, statutes of limitation are applied to the particular remedies or forms of action enumerated; but in equity, the spirit and meaning have been adopted and acted upon as rules of decision, though the words of the statute may not embrace that court; and the principle upon which a legal remedy is barred, is applied in equity to the right attempted to be asserted in that court: *Held,* that whenever any statute has fixed the period of limitation by which the claim, if it had been made in a court of law, would have been barred, the claim has been, by analogy, confined to the same period in a court of equity.

Courts of law apply the statute according to its strict terms; but courts of equity act upon the substance of the thing, and apply it to the right asserted, or the substantial relief sought.

When the statute of limitations of 1844 was passed, there were but two remedies known to the law to enforce a judgment, which was not in a condition upon which execution could be had, — the writ of *scire facias,* and the action of debt; and both these remedies are embraced in that statute. *Held,* that the legislature intended to bar all remedy at law to enforce a judgment, after the period limited by the statute.

The relief here sought, is within the spirit and meaning of the act of 1844, and under the well established principle upon the subject that prevails in equity, the bill filed could not be maintained.

IN error from the superior court of chancery; Hon. Charles Scott, chancellor.

The facts of the case are contained in the opinion of the court.

*Boyd* and *Davis,* for appellants.

We rely upon the statute of limitations of seven years as a defence. Hutch. Code, 831, § 8.

The bill was filed one day after the expiration of the seven years. The eighth section of that act applies in terms to the "action of debt instituted on the judgment," &c. There was no action of debt on a judgment at the time we filed our bill, allowed by the terms of that statute.

Statutes of limitations, as a general rule, apply to the action, and not to the cause of action; and in this case the action of debt on the judgment, by technical name, is what is barred by

the lapse of time.  All other actions thereon are free from the bar.

At the time of the passage of that act there was no other action, (except the *scire facias,* about which there is no question here,) whereby to recover the amount due by judgment; but in 1850 the legislature not only provided another remedy, but expressly abolished all preëxisting remedies, debt among the rest. Acts Leg. 1850, p. 51.

There are several sections of the act in question that are not affected by the pleading act of 1850.  The language of the 1st, 9th, 10th, 12th, and 14th sections (Hutch. Code, 829, 830), will apply to any form of action.  But the 4th section of that act is different, and the repeal of several actions therein enumerated, would repeal the limitations applicable to them.  And so of the action of debt in the eighth section now under consideration.

Any other remedy upon a judgment then in use, or afterwards provided by law, would be subject only to the common law bar of presumptive payment after twenty years.  A few authorities bearing on these points will be cited.

Where several remedies exist for the same cause of action, one may be barred and the other not.  Angell on Lim. c. 1, § 7, p. 5 ; 3 Esp. R. 81 ; 7 Paige, R. 470 ; 1 Cond. Eng. Ch. R. 297 ; 5 Pick. R. 193 ; 14 Ib. 535.  So the wager of law applied to debt, and not assumpsit.  Angell on Lim. c. 11, § 8, and note.

The statute bars the remedy, and not the debt.  12 S. & M. R. 141 ; 2 Barn. & Adolph. R. 413, in 22 Eng. Com. Law R. 113 ; *Pease* v. *Howard,* 14 Ill. R. 480, and is to be construed strictly, and confined to the precise cases enumerated in it.  8 Cranch, R. 108, per Story ; 3 Peters, R. 278.  "If the statute refers to the action of debt for rent, no other action of debt would be barred."  Per McLean.  But if it speaks of "all actions of debt," there it would apply to that action for whatever cause it might be brought.

The eighth section of the act 1822, Hutch. Code, 825, furnishes an illustration of the exact application of the bar to a

particular remedy, where there are two or more for the same cause.

Covenant and debt for rent, founded on a lease under seal, have the same period of sixteen years. But covenant "upon any single or penal bill for the payment of money," being left out of the next clause in the section, and only debt included, there is no doubt remains without any other bar than the common law bar of twenty years.

*T. A. Marshall,* for appellees.

The bill of complainants being filed more than seven years after the passage of the limitation act of 1844, no matter whether it be viewed by analogy in the nature of a *scire facias,* or an action of debt, was barred by that act, and therefore properly dismissed; unless, as was argued by complainants' counsel in the court below, the act of 1850, to change the forms of pleading in the circuit courts of this State, shall be held to repeal all acts of limitation previously passed. What effect, then, did the pleading act of 1850 have on the several limitation acts then in operation? In words it certainly has no reference whatever to them. It does not speak of nor allude to the subject of limitations in any manner. And no one will pretend that the legislature intended by that act to repeal the limitation laws. If they did not designedly, did they through ignorance use such language in the act of 1850 as necessarily operates a repeal of these statutes of repose? The wisdom and sound policy of such statutes is conceded, I believe, in every country and by every people where laws prevail. The incalculable mischief that would result from the act of 1850, as construed by complainants' counsel, no one can foresee. That it would wake up a flood of litigation that has been slumbering for many years, under the quieting influence of the acts of limitation, all will readily admit. But what did the legislature say that must necessarily work such serious and unexpected evils? In the first section of the act of 1850, they declare, "that all the forms of pleading now in use in the circuit courts of this State, inconsistent with the provisions of this act, are abolished,

and hereafter the forms of civil actions in said circuit courts, and the rules by which the sufficiency of pleadings is to be determined, are modified as prescribed in this act." This section, it is contended, abolishes all the remedies before that time known to our laws. And as statutes of limitation are said to apply to remedies only, and not to causes of actions, all such statutes are necessarily annulled. This proceeding is said to be analogous to an action of debt, and as the eighth section of the limitation act of 1844 declares that no action of debt shall be instituted on any judgment after the expiration of seven years next after its date, and the act of 1850 abolishes the action of debt *eo nomine*, it repeals necessarily the limitation presented by the act of 1844 to actions of debt. This, I believe, is substantially the argument relied on by complainants' counsel. Now, I respectfully insist that the act of 1850 was not intended to abolish, and does not abolish any legal action whatever. It simply changes the forms of action, or rather the forms in which litigants shall state their cases. It substitutes a complaint for a declaration, and an answer for a plea, and abolishes, perhaps, some technicalities that existed previously. But have we not still actions of ejectment, replevin, detinue, debt, &c., since as well as before the passage of that act? Are they not so styled every day in every court in the State? The argument of counsel, therefore, assumes what is not true in fact. But even if there was any soundness in the view taken by complainants' counsel of the act of 1850, it does not necessarily follow that their right of action is not barred. By the 4th section of the act of 1844, "actions on promissory notes and bills of exchange shall be commenced and prosecuted within six years after the right of action shall have accrued." Not actions of assumpsit, or actions of debt, but all actions, no matter by what name called. Now the foundation of the suit at law sought to be revived in the chancery court, since the judicial death of the plaintiff, the Planters Bank, was a promissory note. And if a suit at law on the note, or a *scire facias* to revive the judgment on it, would be barred, notwithstanding counsel's view of the operation of the act of 1850 might be correct, will not the statute be applied with equal force to this proceeding in chancery?

Mandevill et al. *v.* Lane et al.

Mr. Justice HANDY delivered the opinion of the court.

On the 26th February, 1851, the appellants filed this bill in the superior court of chancery, to recover the amount of a judgment at law rendered in favor of the Planters Bank, against the appellees on forthcoming bond forfeited on the 17th October, 1836. The bill shows an assignment by the bank to the appellants, transferring an equitable title to the judgment to the appellants, and that the corporation had subsequently been dissolved by judgment of law, whereby it became necessary to come into equity to enforce the judgment.

The appellees pleaded that the right to maintain the suit accrued more than seven years before its institution; which plea was sustained, and the bill dismissed, and the complainants appealed.

The defence is founded on the eighth section of the statute of limitations of 1844, which provides, that "judgments in any court of record in this State, shall not be revived by *scire facias*, nor shall any action of debt be instituted thereon after the expiration of seven years next after the date of such judgment," &c.

It is contended, in behalf of the appellants, that this statute applied only to the technical action of debt on judgment; and that, when that form of action was abolished by the statute of 1850, in relation to pleadings in actions at law, the limitation to the action of debt on judgment was thereby repealed ; that, as statutes of limitation apply to the form of action, and not to the cause of action, the act abolishing the action of debt, left all other modes of suing to enforce a judgment free from the statute of limitations.

This presents a question of much interest and importance, and if the decision of it were properly involved in this case, it would be worthy of great consideration. It would be properly presented for decision if this were an action at law to enforce a judgment under the act of 1850, changing the forms of pleadings in actions at law.

But it is a suit in equity to enforce a judgment at law, and in that court the rule relied on in behalf of the appellants does not apply. At law, statutes of limitation are applied only to

the particular remedies or forms of action enumerated; in equity, their spirit and meaning have been adopted and acted upon as rules of decision, though the words of the statute may not embrace that court; and the principle upon which a legal remedy is barred is applied in equity to the right attempted to be asserted in that court. The rule is well expressed by Sir Thomas Plummer in *Cholmondeley* v. *Clinton*, 2 Mer. thus: "Whenever any statute has fixed the periods of limitations, by which the claim, if it had been made in a court of law, would have been barred, the claim has been by analogy confined to the same period in a court of equity." And it may be considered as well settled that, though courts of law apply the statute according to the strict terms of the statute, courts of equity act upon the substance of the thing and apply it to the right asserted or the substantial relief sought. 2 Story, Eq. § 1520.

The relief sought in this case is the enforcement of a judgment at law for the benefit of the appellants. When the statute of limitations of 1844 was passed, there were but two remedies known to the law to enforce a judgment which was not in a condition upon which execution could be had, the writ of *scire facias* and the action of debt; and both these remedies are embraced in the statute. By this it is manifest, that the legislature intended to bar all remedy at law to enforce a judgment, after the period limited by the statute. It is, therefore, clear that the relief here sought is within the spirit and meaning of that act, and under the well established principle upon the subject that prevails in courts of equity that the bill could not be maintained.

The decree is, therefore, reversed.