RUSSELL C. GOFF v. ROBINS et al., Assignees.

1. CHANCERY : PRACTICE : JURISDICTION.—The jurisdiction of a Court of Chancery ceases after a final decree, when there is nothing to be done in execution of the decree; but when, in order to give the successful party the benefit of the decree, it is essential that it be executed, jurisdiction does not cease until such execution has been had.

2. PRACTICE : CONTINUANCE : JURISDICTION.—It is not necessary to continue a cause upon the docket, in order to preserve the jurisdiction of the court for the execution of the decree, though it would be the more regular and formal mode of proceeding.

3. CHANCERY : STATUTE OF LIMITATIONS.—It is well settled that a court of equity will adopt the spirit and substance of the Statute of Limitations, applicable to cases at law of an analogous character; and will apply the principle of the statute and the periods of limitation thereby created in such cases. *Mandeville* v. *Lane*, 28 Miss. 312.

4. STATUTE OF LIMITATIONS : DECREE.—A motion to appoint a new commissioner to execute a decree of foreclosure of a mortgage, is but a proceeding to revive the original decree and have execution of it; and if not made until after the lapse of seven years, it comes fully within the reason of the statute prohibiting the revival of any judgment by scire facias, after the expiration of seven years from its date, and will therefore be barred. Hutch. Code, 830, § 8.

5. TRUSTEE : PURCHASER.—Where there is irregularity in the proceedings by complainants, and a sale is made by them in execution of their decree, thus irregularly obtained, and a purchase made by a trustee for their benefit, no title will be acquired.

APPEAL from the Chancery Court of Warren county. Hon. J. S. Yerger, chancellor.

The facts appear in the opinion of the court.

*Marshall* and *Miller*, for appellant,

As to the jurisdiction of the court after final decree, cited *Hill* v. *Richards*, 11 S. & M. 194. Upon the regularity of granting writ of assistance, *Wilson* v. *Polk*, 13 S. & M. 131; *Ragsdale* v. *Commonwealth*, 2 Hen. & Mum. 8.

*Yerger* and *Anderson*, for appellee.

(No brief or argument came to the hands of the reporter.)

HANDY, J., delivered the opinion of the court.

This was an application in chancery for the writ of assistance; and the material facts appearing by the record, are these :

Robins, Bodley, and Walker, as assignees of the Commercial and Rail Road Bank of Vicksburg, filed their bill, on the chancery side of the Warren Circuit Court, to foreclose a mortgage executed to them, by one Van Ransalaer, in March, 1841, and a final decree of foreclosure was made in May, 1845, appointing one Randolph, a commissioner, to sell the mortgaged premises. No step appears to have been taken, in execution of the decree, until December, 1852, when, upon motion of the complainants, and without notice to the defendants in the bill, and upon the suggestion that Randolph, the former commissioner, had left the State, the court appointed one Williams a commissioner in his stead, to execute the original decree ; and on the 18th July, 1853, Williams sold the land, in pursuance of the decree, and Warren P. Anderson became the purchaser, as trustee, for and in behalf of the Bank, and as such executed his receipt for the purchase-money.

At the November term, 1854, a motion was made for the writ of assistance, to put Anderson in possession, which was resisted by the appellant Goff, who claimed title under a deed dated 13th February, 1854, made to him by the heirs of one William Cochran, who had entered the lands at the Land Office of the United States, in part, and in part held title under other persons, who had made the entries, and had conveyed by deeds, under which Cochran's heirs claimed. And at May term 1856, the motion was granted, and the writ of assistance ordered; from which order this appeal is prosecuted.

It is first contended, in behalf of the appellant, that the cause, not having been continued by order of the court, and kept upon the docket after the decree of foreclosure was made, must be considered out of court, and the jurisdiction at an end. But the position cannot be sanctioned. It is true, that the decree of foreclosure is a final decree, and that after a final decree the jurisdiction of the court ceases. But this has reference only to the decree, as an adjudication of the merits of the controversy, and to the point of the right of the complainant or the defendant to recover; and where there is nothing to be done in execution of the decree, the jurisdiction

necessarily ceases with the decree. But when the decree, from its nature, must be executed, in order to give the successful party the benefit of it, it would be absurd to say, that the court did not retain the jurisdiction until the decree was executed. And in such a case, it is manifest, that there is no necessity for a continuance of the cause upon the docket, in order to preserve the jurisdiction for execution, though that would be the more regular and formal mode of proceeding. For the court necessarily retains the power to execute its own decrees; and there is no greater necessity to continue the cause upon the docket, in a court of chancery, after final decree, in order to retain the jurisdiction for execution, than there is for keeping a judgment at law upon the docket for the same purpose.

Secondly. The appellant insists, that as more than seven years elapsed after the rendition of the original decree, in May, 1845, and before the additional decree, in December, 1852, appointing Williams a commissioner to make the sale, no amendment or revivor of the original decree could be made after such a lapse of time, and all remedy under the decree was barred by the rule arising under the Statute of Limitations. Hutch. Code, 830, § 8.

The provision of the statute is, "that judgments in any court of record, in this State, shall not be revived by scire facias; nor shall any action of debt be instituted thereon, after the expiration of seven years next after the date of such judgment; nor shall any person sue out an execution or any judgment or decree after seven years from the time the last execution issued on such judgment or decree."

If it be conceded that the proceeding to amend and revive the original decree in this case, is not within the language of this statute, with reference to proceedings in a court of equity, yet it is well settled that courts of equity will adopt the spirit and substance of the limitation in cases of an analogous character, coming under their jurisdiction, and apply the principle of the statute, and the period of limitation thereby created, to such cases. *Mandeville* v. *Lane,* 28 Miss. 312.

It is manifest that the motion for the appointment of a new trustee, was but a proceeding to revive the original decree, and to have execution of it; and that, not having been made until after the

lapse of more than seven years from the rendition of the original decree, it comes fully within the reason of the first clause of the statute prohibiting the revival of any judgment by scire facias after the expiration of seven years from its date. The decree was but a judgment in equity for the collection of a debt by subjecting to its satisfaction the lands embraced in it, provided it should not be otherwise discharged or satisfied; and the presumption of satisfaction by lapse of time, which is the principle upon which the statute proceeds, is as strong in such a case as in that of a judgment at law for money, or for any other thing. So the amended decree made upon the motion, and the proceedings of the commissioner in making the sale under it, fall completely within the third clause of the statute prohibiting the " suing out of an execution on any judgment or decree after seven years from the time the last execution issued on such judgment or decree." For the proceeding to sell under the decree was but an execution of it.

If these views be correct, it follows that the appellant had the right to contest the application for the writ of assistance, on the ground that the amended decree under which the appellee purchased was irregular, and that the appellee, having become the purchaser as trustee for the complainants, was chargeable with all the irregularity of the proceedings, and acquired no title. The application was in law, one for the execution of the decree, by putting the complainant's trustee in possession; and however the case might be upon a purchase made by a stranger, under such proceedings as these in this case, it is manifest that the fruits of the illegal execution could not be enjoyed by the complainants or their trustee.

If it be said that the proper remedy of the appellant was by having the sale set aside for irregularity of the decree, the answer is, that the record does not show that he had notice of any of the proceedings until the motion was made for the writ of assistance. It was, therefore, competent for him, under that motion to show that the proceedings under which the complainant's trustee claimed, was irregular as to him and the parties under whom he claimed, who were not parties to the suit; and that he should not be turned out of possession in virtue of such irregular and illegal proceedings, for the benefit of the complainants.

We are, therefore, of opinion, that the court erred in granting

the writ of assistance ; and the decree ordering the writ is reversed, and the application dismissed.

A petition for re-argument was filed by Messrs. Yerger and Anderson, for the appellees, upon the ground that no person but Van Ransalaer could invoke the benefit of the Statute of Limitations, which application was refused.