## WM. R. FISHER AND WIFE *v.* CHARLES T. FISHER.

1. LIMITATION—STATUTE OF.—In Mississippi, a person against whom a cause of action exists, cannot, under a plea of the statute of limitations, have the advantage of any time during which he was out of the state, but the time of such absence shall not be computed. Hutch, Code p. 831, chap. 59, art. 6, sec. 11; Revised Code, 1857, p. 400, art. 13.

2. SAME.—The rule is not affected by the fact that the debtor had property subject to attachment in this state, as the statute follows the person and not the property of debtor.

3. The supreme court will not revise the action of a circuit court in giving or refusing instructions to the jury, or in overruling a motion for new trial, unless such action were excepted to in the circuit court, and embraced in the bill of exceptions.

Error to the circuit court of Scott county.    WATTS, J.

*J. L. Hargrove*, for plaintiffs in error.

One great error of the court below was refusing to give the second instruction asked for by plaintiffs, on the trial at October term, 1860.    It is as follows: That the statute of six years will not be computed when the party pleading has been out of the state, and if they believe from the evidence that the defendant has been out of the state all the time since the agreement sued on was made, they must find for the plaintiff.    The verdict of the jury was for the plaintiff for $110 90.    The court set aside this verdict and granted a new trial.    We ask this court to overrule the motion for a new trial, and to affirm the judgment rendered on the verdict of the jury, at the October term, 1860.    Frizell v. White, 27 Miss., 198; Rev. Code, art. 11, p. 563.

It appears from the pleading and evidence, that the defendant was absent from the state from the time of making the debt to the suing out of the attachment.    The whole defense is based upon the statute of limitations, and the court should have overruled the demurrer.    The suit is for a sum

certain, and this court will render such judgment as the court below ought to have rendered.

No counsel for defendant in error.

Tarbell, J. :

This case has experienced somewhat of an eventful history. Commenced in 1859, upon a cause of action arising in 1849, it has been once tried, with a verdict for plaintiffs, and a new trial awarded; once dismissed, but reinstated, it now comes here for a review of the action of the court below, upon a record, embracing the proceedings in the cause from its inception in 1859, to final judgment upon decision of demurrer and dismissal of complainant, in 1868.

The writ of error asks, specifically, a review of the action of the court below upon demurrer and dismissal of complaint; but in the assignment of errors, plaintiffs seek to have the action of that court revised in its refusal to give instructions requested by them, and in awarding a new trial on motion of defendant, and prays for a general judgment for plaintiff on the whole case.

It appears from the transcript of record before us, that at the October term, 1860, of the circuit court, a trial was had. An instruction requested by plaintiffs was refused, but without exception so far as appears of record. The trial resulting in a verdict for plaintiffs, a new trial was awarded on motion of defendant, but whether plaintiffs objected or excepted, the record also fails to show.

The cause was then continued from term to term until the October term, 1863, when it was dismissed for want of prosecution, but was reinstated at the July special term, 1868. At the October term, 1868, plaintiffs filed amended replication on leave granted at a previous term. To the amended replication to plea of statute of limitations, the defendant demurred. The demurrer being sustained, and the plaintiffs declining to plead further, the cause was dismissed, whereupon the plaintiffs prosecuted this writ of error.

So far from objecting and excepting at the time of the proceedings of the court below in refusing instructions for

plaintiffs, and in awarding a new trial on motion of defendant, the plaintiffs seem to have acquiesced therein.

If the record is defective, it is their fault that it is not amended, as the rules of this court afford the means of correction. As an official document, this court is bound by that which is before it as the record under the hand and seal of the clerk.

If, under any circumstances, we could travel out of it, there would be less reason in this instance, because it is submitted by the parties alleging errors, their objections and exceptions to which, if made, they have failed to have certified to us.

The record in this case contains no bill of exceptions. The instruction refused is set forth, and the award of a new trial recited. Whether plaintiffs objected, and excepted, does not appear.

The law and practice applicable to this case are believed to be well settled. Code 504–505.

The record must contain the instructions given and refused (41 Miss., 104), with the certificate of the clerk, that they were so given, or refused, and also the award, or denial of a new trial. It is the office of a bill of exceptions to present the objections and exceptions, with the facts bearing on the particular action, and the grounds of the motion for new trial.

The record, and the bill of exceptions, the latter being made a part of the former, have each a well defined office, necessary to be observed. Instructions given or refused, and the motion for a new trial, with the decision of the court thereon, must be stated in the record. The objections and exceptions, thereto, with the facts bearing on the questions, must be presented by bill of exceptions. Neither can perform the office of the other. As to instructions, see Rev. Code, p. 504, 505; as to motion for new trial, see Rev. Code, p. 505; *vide* also 39 Miss., 324; 40 ib., 320; 41 ib., 92–144; 38 Miss., 242.

As we are unable to review the action of the court below on its refusal to give the instruction asked by defendant, and in awarding new trial on motion of defendant for the reasons

given, it only remains for us to consider the judgment upon the demurrer.

The amended replication demurred to, is as follows: " And for replication to the second plea of said defendant, that although the cause of action did not accrue to said plaintiffs within six years next before the commencement of this suit, plaintiffs are not barred of their right of action, because they say that the said defendant at the time of the execution of said writing sued on, resided in the state of North Carolina, out of the state of Mississippi, and continued so to reside until commencement of said suit, and up to the present (time) day, whereof they demand judgment," etc. The demurrer is as follows: " The defendant by attorney comes and demurs to the replication of said plaintiffs, and assigns for special cause the following: ' Because the said plaintiffs do not show that they could not at any time within six years from the date of the instrument sued on, have sued out the attachment and attached the realty levied upon in this cause, and which alone gives the court jurisdiction.' "

The view presented by the demurrer, is the law of some of the states by express provision of their statutes; but it is not the law of Mississippi. Under an act of the legislature of this state, approved October 21, 1852, the absence from the state or non-residence of administrators, etc., does not suspend the operations of the law of limitations. Laws of 1852, ch. 56, p. 86, referred to in 38 Miss., 218, French adm'r. v. Davis, whence the theory of the demurrer was probably drawn. In Massachusetts and some other states, it is provided by statute, that if the debtor has property in the state liable to attachment, the limitation attaches whether the person of the debtor be in or out of the state. If such were the statute of Mississippi, the demurrer in the case at bar would have been well taken. In this state, however, the limitations follow the person and not the property. This case is determinable by section 11 of the act of Feb. 24, 1844, which is as follows: "If any person or persons, against whom there is, or shall be any cause of action, * *

\* \* is, are or shall, be out of the state at the time of such cause of action accruing, 'or at any time during which a suit might be sustained,' \* \* \* \* then the person or persons \* \* \* \* entitled to such action, shall be at liberty to commence the same against such person after his, her, or their return to this state; 'and the time of such person's absence shall not be computed a part of the time limited by this act.'" Hutchinson's Miss. Code, chap. 57, art., 6, sec. 11, p. 831. It will be noticed that the last paragraph of this section is peremptory, and almost mandatory in its language, "and the time of such person's absence shall not be computed," etc. Art., 13, p. 400, Rev. Code 1857, is: "If at the time when any cause of action mentioned in this chapter, shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall have come into this state; and if after any cause of action shall have accrued, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

Of the policy or justice of a law in this state by legislative enactment based on the theory of this demurrer, it is not our province to discuss. In regard to statutes of limitation generally, Story in his Conflict of Laws says: "In regard to statutes and limitations or prescription of suits and lapse of time, there is no doubt that they are strictly questions affecting the remedy, and not questions upon the merits. Laws thus limiting suits, are founded in the noblest policy. They are statutes of repose, to quiet titles, to suppress frauds and to supply the deficiency of proofs, arising from the ambiguity and obscurity or the antiquity of transactions. It has been said with singular felicity, that controversies are limited to a fixed period of time, lest they should be immortal, while men are mortal."

Mr. Justice McLean in giving the opinion of the supreme court of the U. S. in 1830, says: "Of late years, the courts

in England and in this country have considered statutes of limitations more favorably than formerly. They rest upon sound policy, and tend to the peace and welfare of society. The courts do not now, unless compelled by the force of former decisions, give a strained construction to evade the effect of those statutes." And, *e converso*, " courts do not now, unless compelled by the force of former decisions give a strained construction " to give " effect " to " those statutes."

The courts of this state hold to a strict construction of these statutes. 28 Miss., 312–361–730. New and unusual provisions ought not to be engrafted upon these laws, by judicial decisions. 28 Miss., 312; ib. 361; ib. 730; 33 ib. 17. To sustain the demurrer in this case, would be to usurp legislative powers. 30 Miss., 320. The court has no power to engraft exceptions upon the statute. 14 S. & M., 52.

We are asked by counsel to order a final judgment for plaintiffs, and we are referred to Rev. Code, p. 563, art. 11, and to 27 Miss., 198. It is true, this action is upon a written obligation for a sum certain ; it is also true that the demurrer is a waiver of all defects, whether of the court or parties (26 Miss., 180); it is quite probable the court submitted the legal effect of the writing sued on, to the jury, which would be error (35 Miss., 192); and the court perhaps erred in awarding a new trial. 5 S. & M., 5,64; 31 Miss., 95; 11 S. & M., 419. But we are unable, even if disposed, to direct the judgment desired, because the record does not enable us to touch the questions necessary to such a result. And, besides, as the case now stands, there is an issue of fact to be disposed of on the defendant's plea, denying the allegations of plaintiff's complaint.

The court below erred in sustaining the demurrer and dismissing plaintiff's suit. This action of that court is reversed, the cause reinstated, and remanded for further proceedings.