BENJAMIN GRISWOLD *v.* JOHN J. SIMMONS et ux.

1. CHANCERY COURT — WRIT OF ASSISTANCE. — The decree to sell lands directed the commissioner to "put the purchaser in possession; if necessary that the writ of assistance be awarded." It is no longer a mooted question, that when equity has jurisdiction of a cause, it will retain it for all the legitimate purposes of the proceedings. It will retain jurisdiction in order to administer full relief. 10 S. & M., 184; 34 Miss., 655; 27 ib., 419; 13 S. & M., 131; 33 Miss., 153. And this includes, in proper cases, the delivery of possession of real estate. Rev. Code, 1871, § 1267; 13 S. & M., 132. The writ of assistance is a process "well known to the law." 2 Daniels Ch. Pr., 1082; 1 Barb. Ch. Pr., 441.

2. SAME — WHEN THE WRIT OF ASSISTANCE SHALL ISSUE. — The writ of assistance should issue upon the complainant filing with the clerk a petition, and proof of service of the order of the chancellor upon the defendant, and demand of possession, and his refusal to surrender.

APPEAL from the Chancery Court of the Second District of Hinds County. Hon. W. B. PEYTON, Chancellor. ·

This cause was a bill brought by the appellees against the appellant, to enforce a vendor's lien on lands. The sale had been made, and upon the coming in of the commissioner's report thereof, the appellees, who were the purchasers, moved the court to confirm the sale, and deliver a deed to the purchaser, "and that he put said purchaser in possession of said land so sold by him, and if necessary, that a writ of assistance may issue to place said purchaser in possession of said premises, and that the defendant pay the costs of the cause," all of which the court accordingly decreed. To the part of the said decree, empowering the commissioner to give possession, awarding a writ of assistance, and decreeing costs, the appellant excepted, and took this appeal therefrom.

Two errors are assigned by counsel for the appellant, to wit:

1st. The court erred in decreeing that the commissioner, selling the land, should put the purchaser in possession of the same, and in awarding a writ of assistance if necessary.

2d. The court erred in inserting in the decree ratifying the sale

of the lands, provisions which, if proper at all to be decreed, should have been inserted in the final decree.

*E. E. Baldwin,* for appellant.

The first error assigned involves the question of a court of chancery to take jurisdiction of the possession of lands, and put purchasers of lands, sold under its decrees, in possession.

It is a well known proposition that a court of equity will not interfere when the complainant's remedy at law is clear and unembarrassed.      Shotwell v. Lawson, 1 George, 27; Boyd v. Swing, 9 George, 182.

It will not be for a moment denied that the remedy to obtain possession of lands is by an action at law.

Such was the ancient principle, and it still remains undisturbed by any statute in this state.    Ezelle v. Parker, 41, 521.

This being the case, the court had no right to take jurisdiction of the possession of the lands in question, and order the commissioner to put the purchaser into possession, but should have left him to his remedy at law.

The second error assigned involves the question of the power of a court over a cause, after the final decree has been made.

The jurisdiction of the court ceases after final decree, if there be nothing to be done in execution of the decree.    Goff v. Robbins, 4 G., 153.

This principle being true, the final decree in the cause having been long before made, the court erred in decreeing anything further than the ratification of the sale, and the provisions therein that the purchaser should be put into possession, awarding a writ of assistance, and decreeing the costs of the cause against the appellant, came altogether too late, if they were even proper to be made at any time, but should have been in the final decree, and if not then, cannot now be taken cognizance of by the court.

*C. E. Hooker,* for appellees.

The reporters find no brief among the papers in this case.

TARBELL, J., delivered the opinion of the court.

Submitted under rule 22. This cause has been once before in this court, when the decree of the chancellor on the merits was affirmed. It comes here now on appeal to the decree confirming the report of the commission of the sale of the premises sold in obedience to the final decree affirmed by this court.

It is specially objected to the decree now appealed from, that it directs the comm.ssioner making the sale to put the purchaser in possession; that it awards a writ of assistance, and decrees costs.

The decree is, that the commission to sell the lands, put the purchaser in possession; "if necessary," that the writ of assistance be awarded, and "that the defendants herein, and their sureties on their appeal or writ of error bond to the supreme court, do pay all the costs herein."

If ever, it is not now a mooted question, with us, that when equity has jurisdiction of a cause, it will retain it for all the legitimate purposes of the proceeding; or, in other words, it will retain jurisdiction in order to administer full relief. 10 S. and M., 184; 34 Miss., 655; 27 ib., 419; Wilson v. Polk, 13 S. and M., 131; 33 Miss., 153. And this includes, in proper cases, the delivery of possession of real estate. Daniel's Ch. Pr.; Barb. Ch. P.; Code, § 1267; 13 S. and M., 132; 2 Smith's Ch. Pr.

No part of chancery practice is more familiar or better established than the writ of assistance. See Code of 1857, p. 555, art. 98, where this writ is expressly provided for by its name, *habere facias passionem*, to be issued of the court of chancery, while § 1267 of the code of 1871, provides, that the clerk of the chancery court "shall issue all final process of every kind known to the law, which may be necessary to execute the decrees and judgments of the court."

The writ of assistance is a process "*well* known to the law." 2 Daniels Ch. Pr., 1082, and notes; 2 Barb. Ch. Pr., 441.

This writ is issued upon proof of noncompliance with the orders or decrees of the court, on demand of obedience thereto. 2 Barb. Ch. Pr., *supra*. By the clerk. Code, § 1267. And is executed by the sheriff, or by a commissioner named in the decree. 1b., 1266.

In the case at bar, the decree directs the writ to issue, " if necessary."

As to costs, the decree simply complies with the mandate of this court, or directs the clerk of the chancery court to comply therewith. The taxation of costs against the party and his sureties, followed the mandate of the appellate court, as of course. And this is the whole of the decree as to costs.

Goff v. Robins, 33 Miss., 153, is referred to by counsel, for the doctrine, that after final decree, the jurisdiction of the court ceases. In that case, however, it is held, that the jurisdiction of a court of chancery ceases after a final decree, when there is nothing to be done in execution of the decree; but when, in order to give the successful party the benefit of the decree, it is essential that it be executed, jurisdiction does not cease until such execution has been had; nor is it necessary to continue a cause upon the docket, in order to preserve the jurisdiction of the court for the execution of the decree, though it would be the more regular and formal mode of proceeding.

In Hill v. Richards, 11 S. & M., 194, the cause had been dismissed, and jurisdiction lost of course. The question in Wilson v. Polk, 13 S. & M., 131, was, whether a stranger to the proceedings, becoming a purchaser of land at a sale under a decree of the court of chancery, was entitled in his own name to a writ of assistance. It was held, that the purchaser, who was not a party to the original suit, could only proceed by getting the vendor to make application for the process. In the case at bar, the complainant became the purchaser, and the defendant alone is complaining of the order of the chancellor appealed from.

The complainant, in a written petition praying the confirmation of sale, asks for the writ of assistance, which was awarded " if necessary." Upon filing with the clerk proof of service of the order of the chancellor upon the defendant, and demand of possession, and his refusal to surrender, the writ would issue.

Decree affirmed.