## CATHARINE HODGES VS. DARDEN BROTHERS.

1. MARRIED WOMEN: *Statute of limitations*: *Sec.* 2157, *Code* 1871.

· A married woman owning separate estate has capacity to make certain contracts, and as to such is not under disability, and may be sued for their enforcement. Section 2157 of Code of 1871 embraces within its provisions " all persons;" there is.no saving in favor of married women.

2. SAME: *Sec.* 2156, *Code of* 1871.

This section protects the rights of married women as plaintiffs, if at the time the right accrued the disability existed; but there is no saving in behalf of a creditor of a married woman on account of her disability of coverture, and there is no power in the courts to make one.

ERROR to the Circuit Court of *Chickasaw* County.

Hon. W. D. BRADFORD, Judge.

The facts of the case sufficiently appear in the opinion of the court.

It is assigned for error that the court below refused to allow defendants to withdraw their rejoinder to plaintiff's replication, and to file a demurrer to the said replication, to test its sufficiency in law, the defendant being a married woman.

*Tucker & Harper*, for plaintiffs in error:

It will be admitted that the statute of limitations does not run against a *feme covert*. Does this local law apply to married.women, or is it restricted to persons who are not recognized as disabled, but are *sui juris* in every respect ? A strict construction of these local statutes, which abridge the rights of married women, as they exist at common law, and 'a liberal construction as to her rights, in ascertaining the meaning of these local laws which enlarge her civil rights, is obviously the true doctrine in the interpretation of the statutes. The statute being in derogation of her rights, conferred by the general law, which bars all actions in a specified time, it must be strictly construed.

*I. N. Carlisle*, for defendant in error:

Section 2157 uses the most general terms : " If at the time when any cause of action mentioned in this chapter shall accrue against

any person, he shall be absent out of the state, the action may be commenced within the time herein limited therefor, after such person shall have come into the state; and if after any cause of action shall have accrued, the person against whom it has accrued shall be absent from and reside outside of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." Code, 1871, § 2157. It is too fine and metaphysical, excelling the perception of the most acute to say that while the statute gives the defendant in error a cause of action against a married woman, to say that it at the same time gives the plaintiff in error a full remedy to evade it, by remaining out of the state a short period, during which time the plaintiff below could not sue. We think the cause is without merit in this court.

SIMRALL, J., delivered the opinion of the court.

The suit was founded upon an open account for goods, wares and merchandise sold and delivered, to which the defendant pleaded the statute of limitations. The plaintiff filed a replication, that the said Catharine Hodges has not been a resident of the state of Mississippi for three years next after the cause of action accrued; but that she was absent and resided out of the state, and that the time of such absence ought to be deducted, etc. The defendant took issue on the replication, and afterwards moved to strike it out; failing in that motion she also asked leave to withdraw her pleading, taking issue on the replication, and to be permitted to file a demurrer to it, which was tendered. This motion was overruled, and the ruling of the court on both applications is assigned for error.

The court ought not to allow the replication to be stricken out unless it was frivolous, and presented no sort of defense to the action. Indeed that, as well as the leave to withdraw the issue upon it, were addressed to the sound discretion of the court, to be so used as to promote a trial of the cause on its legal merits. The injunction of the statute is, that amendments before verdict shall

be liberally allowed, so as to bring the real merits before the court and jury for trial. If the effect of a demurrer would be to bring up for adjudication the merits of the case, plainly, the court ought to have allowed it to be filed. That reduces the inquiry to the very narrow limits of whether the matter of replication was sufficient in law to obviate the plea. It seems to us that it obviously is. It brings the case within § 2157 of the code of 1871. W. R. Fisher et ux *v.* C. T. Fisher, 43 Miss., 215. But it is said by counsel that this section does not include a *feme covert;* as to her, there is no limitation of time of suit. The words of the statute clearly embrace that class of defendants: "If at the time when any cause of action mentioned in this section shall accrue against any person." There is no exception in favor of any person or class of persons, nor is it perceived why married women should not be included as well as any other debtors. The statute has entirely removed the disability of coverture as to the class of contracts of the sort sued upon. Mrs. Hodges having a separate estate under the statute, has legal capacity to make them, and may be sued at law as if she were under disability for no purpose whatever.

It is not the policy of the law that the statute shall be held not to include married women. It is just as necessary for their repose, and to cut off stale demands, as it is for any other class of debtors. The coverture does not stay or hinder the creditor from suing. Clopton *v.* Matheny, 48 Miss., 298, 299.

The preceding section (2156), protects and saves the right of a *feme covert* as plaintiff, if at the time the right accrued the disability existed. But there is no saving in behalf of a creditor of a *feme covert,* so long as the disability exists, and there is no power in the courts to make one.

We think, therefore, there are merits in the replication to the plea, and that the circuit court did right in declining to strike it out, or to allow the issue upon it to be withdrawn for the purpose of interposing a demurrer to it.

The judgment is affirmed.