## W. T. BURRELL et al. *v.* ELMYRA ANDERSON et al.

**Guardian Ad Litem — Answer to Bill — Service.**

> In a suit by an administrator of an estate, against all the heirs, it is proper for the court to appoint a guardian *ad litem* for such of the heirs as are minors, and direct that the guardian *ad litem* answer the bill, without other service.[1]

**Publication — Notice — Nonresident.**

> The publication for a nonresident defendant is not void, where the particular place within a county where the Chancery Court to which he is cited to appear is not named in said publication.[2]

**Writs of Assistance.**

> A purchaser of land under a decree of the Chancery Court is entitled to a writ of assistance from the chancellor of said court, commanding the sheriff of the county to dispossess a holder who refuses to vacate the premises.[3]

---

[1]
An infant can only appear by guardian. He cannot appear by attorney. Lee *v.* Jenkins, 30 Miss. 592.

A guardian *ad litem* can be appointed only after an infant has been served with process. Prewett *v.* Land, 36 Miss. 495; Stanton *v.* Pollard, 2 Cush. 154; Price *v.* Crone, 44 Miss. 571; McAllister *v.* Moye, 30 Miss. 258; Ingersoll *v.* Ingersoll, 42 Miss. 155; Johnson *v.* McCabe, 42 Miss. 255.

The answer of the guardian *ad litem* must not be his personal answer, but the answer of the infant, and no decree can be made on any admission contained in the answer, but the case against the infant must be made on proof *aliunde*. Ingersoll *v.* Ingersoll, 42 Miss. 155; Johnson *v.* McCabe, 42 Miss. 255; Wells *v.* Smith, 44 Miss. 296:

Nor has the guardian *ad litem* power to submit the infant's rights to arbitration. Fort *v.* Battle, 13 S. & M. 133.

Statement of the Case.

This action was begun in the Chancery Court of Panola county by the administrator of the estate of H. B. Burrell, deceased, against the heirs, a widow and ten children, to condemn the sale of certain real estate described in the petition, belonging to the estate. There were debts outstanding against deceased amounting to $303.87, which had been duly proved and filed with the administrator. It was alleged that there was no personal property belong-

A decree to sell land of infant without appointment of guardian *ad litem* is void. McAllister *v.* Moye, 30 Miss. 258.

It is only when the infant has no legal guardian, or the guardian being legally summoned has failed to appear, or is interested adversely to the infant, that a guardian *ad litem* may be appointed. Winston *v.* McLendon, 43 Miss. 254; Wells *v.* Smith, 44 Miss. 296.

After due service on an infant, and appointment of a guardian *ad litem*, the latter may consent to a hearing at any time. Pollock *v.* Buie, 43 Miss. 140.

All who have a beneficial interest in lands, the subject-matter of a suit in equity, are necessary parties. McIlvoy *v.* Alsop, 45 Miss. 365; Barry *v.* Barry, 64 Miss. 709, 3 So. 532; Harding *v.* Cobb, 47 Miss. 599; Harlow *v.* Mister, 64 Miss. 25, 8 So. 164.

The failure to appoint a guardian *ad litem* for an infant in a chancery suit for the sale of his land is not such an error as renders the decree absolutely void. Therefore, it cannot be collaterally attacked. McLemore *v.* Railroad Co., 58 Miss. 514; Cocks *v.* Simmons, 57 Miss. 183.

Since the Code of 1880, the court is not required to appoint a guardian *ad litem*, but may do so. Code 1892, § 553.

There is a distinction between the practice in chancery and probate matters as administered in the Chancery Court, as to the manner of serving process on minor defendants. In the former, the infant must be personally served, and also the father or mother, etc.; while under the probate practice, it is generally sufficient to serve the guardian. So held prior to the Code of 1880. Saxon *v.* Ames, 47 Miss. 565; Burrus *v.* Burrus, 56 Miss. 92.

Under the Code of 1857, where summons is for minors, and also for their mother, as a defendant, and the return shows execution by delivering a true copy to each of the defendants named in it, this sufficiently shows service as to the minors. It is not necessary that a copy shall be handed the mother for the children, in addition to that delivered to her on her own account. McIlvoy *v.* Alsop, 45 Miss. 365.

In proceedings in the probate court affecting the rights of an infant, it is necessary, under the Code of 1857, that his guardian shall be summoned, if he has one, and if the guardian is adversely interested or fails to appear, then that a guardian *ad litem* shall be appointed for him. It not being required that the infant shall be cited, his being summoned is not a prerequisite to the power to appoint a guardian *ad litem*. (McAllister *v.* Moye, 30 Miss. 258, overruled; Miller *v.* Palmer, 55 Miss. 323, explained.) Burrus *v.* Burrus, 56 Miss. 92.

ing to said estate, above the exemptions.  The real estate comprised 160 acres and upon the west half of same was located the homestead and other improvements.  Citation was duly made against all the heirs, who appeared not, and a *pro confesso* was taken against them.  But it appearing that two of said heirs were minors, a guardian *ad litem* was appointed to defend their inter-

---

**2**

Although the guardian *ad litem* of minor parties to a suit has filed for them a mere formal answer, it is his duty to object to incompetent testimony that affects adversely their interest.  But, regardless of the failure of the guardian *ad litem* to object, the Chancery Court should, of its own motion, reject such testimony.  Neblett *v.* Neblett, 70 Miss. 572, 12 So. 598.

It is the duty of the court to ascertain that summons has been duly executed on an infant before appointing a guardian *ad litem*.  Hence, although the only summons for a minor, shown by the record, appears not to have been served on him, a chancery decree for the sale of the minor's land, based thereon, cannot, for this reason, be attacked collaterally if the order appointing a guardian *ad litem* recites that summons was duly executed on such minor.  Cocks *v.* Simmons, 57 Miss. 183.

Recital in decree of Probate Court held not sufficient to show citation for minor.  Kennedy *v.* Gaines, 51 Miss. 625.

In an application by a guardian to sell land of minor wards, under article 153, p. 464, Code of 1857, it is not necessary to state whether they had near relatives in this State; nor is it necessary that parents, when served with process on account of their minor children, be shown to be such, either in the process or in the return.  Harrington *v.* Wofford, 46 Miss. 31.

Both by the rules of Chancery Court, and the general principles of equity jurisprudence, a guardian *ad litem* cannot be appointed for an infant defendant until the court has acquired jurisdiction over the infant by personal service of process, if he be within the State, or by publication, if he be a nonresident; and an appointment made without such service or publication will be erroneous, and a decree rendered against the infant will be reversed.  Stanton *v.* Pollard, 2 Cush. 154; Prewett *v.* Land, 36 Miss. 495.

---

**3**

Under section 1267, Code 1871, empowering the clerk of the Chancery Court to issue any final process necessary to execute decrees, on a decree for the sale of land it is proper to direct that a writ of assistance shall issue, if necessary, to put the purchaser in possession.  The writ issues upon proof of service of the decree on defendant, demand of possession, and refusal to surrender.  Griswold *v.* Simmons, 60 Miss. 123.

The object of the writ of assistance is to put one who has purchased land at a judicial sale into possession.  It applies to any sale whereby the title passes to the purchaser, and where the person in possession was a party to the suit, or came into possession *pendente lite*.  The court will give full redress by placing the purchaser in possession.  Jones *v.* Hooper, 50 Miss. 510; Gibson *v.* Marshall, 64 Miss. 72, 8 So. 205.

est, who answered the petition, praying for just and proper action of the chancellor. Petitioner asked that so much of the land as was necessary be decreed to be sold to pay the debts enumerated, and on the hearing thereof, eighty acres off of the east side of the quarter section of 160 acres were decreed to be advertised and sold, under due process. At the sale thereof, one Anderson purchased same for the sum of $400, but prior to the delivery of the deed to the purchaser a bill was filed by W. T. Burrell, one of the heirs, asking for a " stay of execution," alleging that the citation made for the nonresident heir was void. Said citation reads as follows: To C. B. Burrell: You are commanded to appear before the Chancery Court of Panola county, in said State, on the second Monday of May, 1883, to plead, answer, or demur to the petition of R. C. Balch, as administrator of the estate of H. P. Burrell, deceased, for sale of land wherein you are defendant." This motion was overruled by the chancellor. Anderson filed a writ of assistance, alleging that demand for possession of the land had been made upon W. T. Burrell and refused, and asking that the sheriff be commanded to dispossess the said W. T. Burrell, which petition was granted. A supersedeas bond was duly filed and defendants appeal.

APPEALED from Chancery Court, Panola county, First District, J. G. HALL, Chancellor.

Affirmed, January 19, 1885.

*Attorney for appellant, W. D. Miller.*

*Attorney for appellee, J. B. Boothe.*

Brief of W. D. Miller:

\* \* \* I respectfully submit that the sale and proceedings were all void, and the exceptions to the report of sale should have been sustained.

First. Because there was no service of process on the defendants. The officer's return is " executed by personal service and by handing a true copy of the within writ to the defendant," when there were *eleven* defendants, and it is impossible to tell from the return which one the officer meant; he evidently served it upon one

only; if upon all, he should have said *defendants;* but the very language of the return shows that it was served but upon one, because, he says, " a true copy " to the " defendant;" if he had served upon all, he would have said true *copies,* or a true copy to *each* defendant, so that it was not a mistake merely of the officer in writing the return, and even if this was so, it cannot be presumed in so important a matter as that which gives jurisdiction over the parties.    59 Cal. 342; 29 Tex. 273.

Neither does the return show that process was served upon the guardian of the minors, and if it be a fact that there was no guardian, the return should so state.    Erwin *v.* Carson, 54 Miss. 282.

And further as to service of process on infants, see 42 Miss. 155, 255; 43 Miss. 129, 254; 1 Heisk. 734.

Again, the publication of notice to the nonresident defendant does not show *when, where,* or *to what court* he is commanded to appear, but simply commands him to appear before the Chancery Court of Panola county on second Monday of May, 1883.    The county of Panola has two court districts in each of which courts are held having *exclusive* jurisdiction, and practically the two districts are the same as two counties, Batesville the county site of one, and Sardis the other, as separate and distinct in all matters pertaining to litigation and the holdings of courts, venue, etc., as two counties.    See Acts 1878, page 147, creating the two court districts.    Freeman on Judgments, § 126; 24 Iowa, 163.

The sale was made of the east half of the quarter section, when the petition shows that there was a homestead and dower interest, and thus the court virtually makes a partition of the land in a proceeding not instituted for that purpose and of which the parties had no notice.    The homestead should first have been set apart, before the sale, or the whole tract sold subject to the homestead and dower as prayed in the petition filed by the administrator.    It was error to order the sale of any distinct portion of the land until the homestead and dower was set apart, and it would have been error, even in a proper proceeding, to make partition without the appointment of commissioners for that purpose.    *    *    *

Brief of J. B. Boothe:

The exceptions to the report of sale of the administrator in this case were properly overruled.

First. Because process was properly issued and executed, as to the resident defendants, and publication properly made as to the nonresident defendant. All of the resident defendants were named in the writ, and the officer's return is "executed by personal service and by handing a true copy of the within writ to the defendant." Surely the clerical omission of the letter "s" to the word defendant will not vitiate the return. If the sheriff had served the process on one of the defendants only, in order to have made his return complete, he should have named that defendant, and stated further in his return some reason for not executing process upon the other defendants. The presumption that the sheriff did his duty in the premises being in his favor, it follows, without proof to the contrary, from the language of the return itself, that all of the resident defendants were duly served with process. As a matter of fact, the officer in filling out a printed form of return in which the word "defendant" was printed, omitted to add the letter "s" to the printed word.

The record shows that Clara Burrell, as the mother of the minor defendants, was made a party defendant, and shows that she was embraced in the writ as one of the persons the officer was required to summon. If she was summoned, as maintained by appellees, there was no need for the sheriff to state in his return that there was no guardian. It is sufficient if the record shows service of process on the father, mother, or guardian; and in this case it shows service of process on the mother and that the father is dead. Ervin v. Carson, 54 Miss. 282; McIlvray v. Alsop, 45 Miss. 366; Harrington v. Wofford, 46 Miss. 31; Smith v. Pattison, 45 Miss. 619.

It is not necessary that the notice to a nonresident defendant should show anything more than the notice given in this case. That, so far as the time, place, and court are concerned is an exact copy of the notice prescribed by section 1855, Code of 1880. The notice commands the defendant "to appear before the Chancery Court of Panola county on the second Monday of May, 1883." The law fixes the *time* and *place* of the meeting of the court on that day, and on examination of the notice prescribed by the Code of 1880, section 1855, it is clear that the law contemplates that parties must at their peril take notice of the *time* and *place* fixed by it.   *   *   *

As the homestead was definitely fixed in the petition by the

legal subdivision of eighty acres, the largest amount exempt in this case, it would have been detrimental to the interest of the estate to tax it with the expense of setting aside the homestead by the appointment of commissioners.

Sections 2039, 2040, leave it for the Chancery Court to determine what portion of the land of a deceased person may be sold for the payment of debts, without the appointment of commissioners, but the homestead being exempt property cannot be so disposed of where there are children and a widow surviving, and the homestead, as a matter of fact, was not sold.   *   *   *

Again, the chancellor did not err in granting a writ of assistance.   In the case of Griswold *v.* Simmons, 50 Miss. 123, the right to the writ of assistance is fully recognized; and in this case it appears it was obtained in due conformity to law, and it was eminently a *proper* case for the grant of the writ.   See also Jones *v.* Hooper, 50 Miss. 510.

Upon a review of the whole case, I insist that the proceedings and sale ought to stand.   The *identical* land for which sale was prayed was sold after due notice, and all other intermediate steps required by law; the purchase money was paid and deed executed to the purchaser, and writ of assistance awarded.   There being no error in the decree of sale, no error in overruling exceptions filed, no error in confirming sale, and none in granting writ of assistance, the sale ought to stand as made, and the purchaser put in possession.

OPINION.— PER CURIAM:

It sufficiently appears by the record that the court obtained jurisdiction over the infant defendants.

The order appointing the guardian *ad litem* recited that it was made to appear to the court that the infants had no guardian. The proceedings were instituted by the administrator of the father and the petition states that the decedent left a widow and ten children surviving him.   The reasonable inference is that this widow was the mother of the infants, or that their mother was dead.

The publication for the nonresident defendant was sufficient. The law fixed the place at which the Chancery Court of Panola county should be held at the time named in the notice.

On the facts shown there was no error in the action of the

chancellor in dealing with the land as if the east half thereof constituted the homestead, and in selling the other half for the payment of debts.

The writ of assistance was properly granted. Griswold *v.* Simmons, 50 Miss. 123; Jones *v.* Harper, 50 Miss. 500.