## L. P. WILLIAMS v. JAMES A. GAGE.

1. PARTNERSHIP—INDIVIDUAL INTEREST.—Co-partners are not tenants in common. They may be more than is implied in joint tenancy. Their interest in the assets is *sui generis*. The extent and value of the separate, individual interest can only be ascertained by an account taken after a liquidation of the joint debts. The surplus, after creditors are paid, belongs to the respective partners, according to their interests, as fixed by the partnership articles.

2. SAME—RIGHTS OF JOINT CREDITORS.—The rights of joint creditors and those of an individual member, are very different as respects the partnership assets. The joint creditors have a primary claim to satisfaction out of the partnership assets. The claim does not amount to a lien, but in a controversy between joint and separate creditors to satisfaction out of the co-partnership property, the former will be preferred.

3. SAME—RIGHTS OF A JUDGMENT CREDITOR OF A MEMBER OF A FIRM.—The judgment creditor of a member of a firm cannot take in satisfaction the joint assets, at the expense of the joint creditors. A purchaser under such judgment would not acquire title to an undivided moiety of the property, so as to vest a half ownership. He would become a tenant in common with the other partners, and would acquire a right in the surplus, after the partnership debts were paid. Faber v. Jordan, 44 Miss. Rep., 283; Irby v. Graham, 46 Miss. Rep., 430.

4. SAME—GARNISHMENT.—Garnishment is a legal proceeding, and attaches the debt of the defendant in that writ, to the defendant in the original suit. Being a legal proceeding, it is not adapted to the adjustment of the equitable rights between partners. Hence the plaintiff in attachment cannot, by process of garnishment, reach and subject any part of the indebtedness of defendant to the co-partnership, to the demand which he had against an individual member of the firm.

Error to the circuit court of Claiborne county. Hon. ABEL ALDERSON, Judge.

The opinion of the court contains a sufficient statement of the case.

*William Sellers*, for plaintiff in error:

1. The notice published for the defendant, Gilmore, was insufficent. Code of 1857, p. 378, art. 9; Moon v. Williams, 44 Miss., 64. The legality of the notice must appear affirmatively of record. Gwin v. McCarroll, 1 S. & M., 368: 9 ib., 613; Harris v. Ranson, 24 Miss., 506; Steen v. Steen, 25 Miss., 431; Magoffin v. Mandaville, 28 Miss., 360; Merritt v. White, 37 Miss., 439; Foster v. Simmons, 40 Miss., 586; Acts of 1862, ch. 237.

2. Partnership property and choses in action are primarily liable to partnership debts, and no part thereof can be taken for the individual debt of one of the partners, until all the partnership debts and affairs are settled, and the balance divided among and alotted to the partners respectively, in proportion to their interests in the concern. Irby v. Graham, 46 Miss., 425. The court erred, therefore, in refusing to receive evidence in relation to these matters. Drake on Attachments, § § 567, 570 ; Mobley v. Lonbat, 7 How., 318. The attachment of a debt due to a co-partnership in an action against one of the partners is justly distinguishable from the seizure on attachment, or execution of tangible effects of the firm for the same purpose. A debt due to a firm cannot be taken by garnishment to pay the debt of one partner. Drake on Attachment, § § 567, 570 ; Mobley v. Lonbat, 7 How., 318; 31 Miss., 262 ; 37 ib., 643 ; 46 ib., 427.

Reporters find no brief for defendant in error.

SIMRALL, J., delivered the opinion of the court :

The answer of the garnishee, Williams, denies indebtedness to Gilman, defendant in attachment.

Gage, the plaintiff in attachment, filed a special traverse, averring that Williams became the surety of Gilman & Crow, partners in trade, in a replevin bond, for 12 bales of cotton, levied upon by Volney E. Stamps, for rent; that in order to secure and indemnify Williams, Gilman & Crow placed the cotton in Williams' possession. That the replevin suit was determined in favor of Gilman & Crow, and that Williams had sustained no damage. That Gage had sold the cotton for $1,500, and had the money in his possession, and was liable to the plaintiff for Gilman's interest therein, or so much as would pay the plaintiff's debt.

After a dumurrer to this traverse or special replication had been overruled, and a motion to reject it as immaterial had been denied, the cause was submitted to a jury.

The errors complained of may be comprehended in two propositions :

1. Is the judgment by default against the defendant, Gilman, invalid for want of sufficient notice.

2. Is the following instruction true ? If the jury believe \* \* that the garnishee, Williams, is indebted to the firm of Gilman & Crow, they will find for the plaintiff, and assess the amount due from Williams to Gilman, at one-half the amount that Williams owes the firm of Gilman & Crow.

The granting of this instruction ; the refusal of those requested by the garnishnee, and the rulings of the .court on the admissibility of testimony very clearly indicate misconception of the rules of law applicable to the case.

The effort on the part of the plaintiff was to charge the garnishee with one-half of the value, or proceeds of the cotton, deposited with him, by Gilman & Crow, on account of, and as indemnity for his suretyship on their bond. If Williams had sustained no damage by that obligation, and there was no further risk upon him, then he was accountable to Gilman & Crow for the proceeds of the cotton. The accountability was to them as a firm, and his indebtedness was an integral part of the joint assets. Can such a debt be garnisheed for the individual indebtedness of a member of the firm ? Co-partners are not tenants in common. They may be more than is implied in joint tenancy. Their interest in the assets is *sui generis*. The extent and value of the separate, individual member's interest can only be definitely ascertained by an account taken, after a liquidation of the joint debts. The surplus, after creditors are satisfied, belongs to the respective partners, according to their interests as fixed by the partnership articles. One may have advanced all the capital, whilst the other was to share only in the profits. The division of the surplus may be very regular.

The rights of the joint creditors, and those of an individual member, are very different, as respects the partnership assets. The joint creditors have a primary claim to satisfaction out of the partnership effects. The claim does not amount to a lien. But in a controversy between joint and

separate creditors, to satisfaction out of the co-partnership property, the former will be preferred.

A judgment creditor of the member of a firm, cannot take in satisfaction the joint assets, at the expense of the joint creditors. A purchaser under such a judgment, would not acquire title to an undivided moiety of the property so as to vest a half ownership. He would become a tenant in common with the other partners, and would acquire a right in the surplus, after the partnership debts were paid. The measure of that right would be furnished by the copartnership articles.    Story on Part., 490, 491, 492, §§ 311, 312; Faler v. Jordan, 44 Miss. Rep., 283; Irby v. Graham, 430; The right of such purchaser is subordinate to the superior claims of joint creditors.

The authority of each partner to deal with the property and credits of the firm is necessarily limited. Whilst each may deal with the assets and credits within the proper line of the business, neither can sell the property or transfer its credits in payment of his individual debt. Gilman had a right to collect this debt from Gage, or he might have transferred it in liquidation of a partnership debt; but he had no implied power to assign it to pay his personal debt. The legal consequence of a judgment against a garnishee, is to dissolve this relation of debtor to the defendant in attachment, and condemn him to pay the debt to the creditor in the suit. It is a transfer, by operation of law, of the debt to the plaintiff, and constitutes the garnishee his debtor by sentence of the law.    If, however, that result could not be consummated by agreement, because of the incapacity of a partner thus to appropriate the credits of the firm, a conclusive reason is furnished why the law would not do so.

Garnishment is a legal proceeding, and attaches the debt of the defendant in that writ to the defendant in the original suit.    The debt must be such as that *assumpsit*, or the action of debt can be maintained upon it. Hoyt v. Smith, 13 Vt., 133; Cary v. Baker, 15 Ill., 90.; Harrell v. Whitman, 19 Ala., 138.; Hassin v. G. I. W. Congregation,

35 Cal., 385. Being a legal proceeding, it is not adapted to the settlement of the equitable rights between the garnishee and the defendant. The very point under consideration was ably considered in Church v. Knox, 2 Conn., 514. There the effort was to subject a debt due a partnership to satisfy a demand against one of the partners. The firm consisted of several members, and the effort was to hold the garnishee to pay the aliquot part, supposed to be due the individual member. But the court held that that could not be done; for there was no information as to the state of accounts between the partners; what capital each owned; and whether this debt might not be needed to pay the joint creditors. Nor has a partner a separate right, in any particular debt, or article of property. All have a joint interest in the effects. Each partner has a separate interest in his share, upon a settlement of the partnership business. Mobley v. Lonbat, 7 How., 319; Johnson v. King, 6 Humph., 233. The rule is, that a creditor of one partner can not vindicate a claim to the partnership assets until the partnership demands have been satisfied, and it has been ascertained what the surplus is, and the share of the debtor partner is in that surplus. The joint assets include the credits due the firm, as well as its tangible property. In advance of a settlement of the co-partnership business, it can not be known what separate interest each partner may have either in the property or credits.

It follows that the plaintiff in the attachment could not, by process of garnishment, reach and subject any part of the indebtedness of Gage to the co-partnership of Gilman & Crow, to the demand which he had against Gilman personally. The matters, therefore, set up in the special replication to Williams' answer, if true, offered no legal and sufficient reason why Williams should not have been discharged.

The instructions granted by the court, at the request of the plaintiff, and those refused as requested by the defend-

ant, presented to the jury for their guidance, a theory of the law adverse to the views we have expressed.

This view of the subject disposes of the case; it is unnecessary to consider the other assignments of error.

Judgment reversed and cause remanded.