## J. MORIN *v.* THOMAS V. BAILEY.

REPLEVIN. *Against a garnishee. His remedy.*

An action of replevin will lie against a garnishee by a person claiming to be the owner of the property on account of which the garnishment was served, for the recovery thereof, where no judgment has been rendered against the garnishee affecting such property. And the garnishee's remedy in such a case is under sections 1451 and 1452 of the Code of 1871, by which he may have the plaintiff in replevin cited to appear in the garnishment suit, to contest with the plaintiff in the judgment the right to the property, "and the garnishee shall be protected from all further liability to either party, in respect to such property;" or, under section 656 of the Code, by which he may have the plaintiff in the judgment summoned to appear and become a party to the action of replevin instead of himself, "and the garnishee shall be discharged from all liability to either of the other parties, in respect to the subject of the action."

ERROR to the Circuit Court of Montgomery County.

Hon. WILLIAM COTHRAN, Judge.

The case is stated in the opinion of the court.

*Sweatman & Trotter*, for the plaintiff in error.

Any person entitled to the immediate possession of property wrongfully detained from him can bring an action of replevin for its recovery against an officer or a private individual. *Mosely* v. *Anderson*, 40 Miss. 49 ; *Freyell* v. *White*, 5 Cushm. 201 ; *Lloyd* v. *Goodwin*, 12 Smed. & M. 229 ; *Yarborough* v. *Harper*, 3 Cushm. 112 ; *Hopkins* v. *Drake*, 44

Miss. 619; Code 1871, sec. 1528. An action of replevin can be brought by a third person against a sheriff who has levied an execution or attachment on his goods. *Yarborough* v. *Harper, supra; Ford* v. *Dyer,* 4 Cushm. 243; *Hopkins* v. *Drake, supra.* And the debtor himself can maintain the action when his exempt property has been levied upon. *Mosely* v. *Anderson, supra.* And the action in such case is maintainable in a court other than that from which the execution or attachment may have issued. *Hopkins* v. *Drake, supra.*

It is claimed by the defendant in error that the property in controversy is in *custodia legis.* But if replevin can be maintained against a sheriff in possession of property under an execution or attachment, why should a garnishee be exempt from the like action? Is the property in the hands of the garnishee any more in *custodia legis* than that in the hands of the sheriff? Property taken by attachment or execution is one step further towards realizing on a claim. It is in the hands of the officer of the court, and under its control. The case of a garnishee is a new case commenced against him, in which he may or may not be liable. And it appears to us that, if there is any difference in principle between the two cases as to the custody of the property, it would be that an action of replevin might be maintained against the garnishee when it could not be against the sheriff.

*J. M. Ellis,* for the defendant in error.

Can property in the hands of a garnishee be replevied by a stranger to the garnishment proceeding, upon a writ issuing from a court other than that in which the garnishment is pending? To hold the affirmative would present the anomaly of two courts entertaining jurisdiction at the same time of the same subject-matter, without jurisdiction of the same parties, and probably rendering conflicting judgments. This would be in conflict with the rule that the tribunal which first acquires jurisdiction, of a matter shall retain it to final adjudication, if capable of doing complete justice in respect to the subject. Would not such a proceeding deprive the plaint-

iff in garnishment of his lien on the property given by the Code of 1871, section 875? The plaintiff in garnishment could not have asserted its rights in the replevin suit, for, not being entitled to the possession of the property, it could not interplead. Yet it had obtained a lien upon the property by virtue of the writ of garnishment.

The case of *Cooper* v. *Newell*, 7 Geo. 316, illustrates the doctrine I invoke. Newell was defendant in a replevin suit for the possession of certain slaves, and gave bond to deliver them according to the judgment of the court ; and, pending this suit, Cooper recovered judgment against the plaintiff in replevin, and had execution issued and levied upon the slaves involved in the action of replevin. A sale of the slaves under the execution was enjoined, and this court held that the property was in the custody of the law, and not subject to be taken from the possession of the defendant in replevin, saying : " Such an interference with the course of law would be productive of confusion, and is not to be indulged." The correct rule is laid down in Drake on Attachments, sections 251, 451–453.

*Golladay & Freeman*, on the same side, contended that the authorities of this state cited for the plaintiff in error are not decisive of this case, but that in several other states, where the statutory remedy of replevin is as broad and liberal as ours, it has been held that property in the hands of a garnishee is not subject to seizure by an officer ; citing Drake on Attach., secs. 251, 451–453, and cases there referred to.

SIMRALL, C. J., delivered the opinion of the court.

The admitted facts are that a writ of garnishment was issued by the clerk of the Circuit Court, founded on a judgment recovered by the New Orleans Insurance Company against A. Morin, directed to the Southern Express Company, and served on its agent, Thomas V. Bailey, the defendant in this suit, at which time there was a package of money ($100) in the hands of Bailey, agent, addressed to A. Morin. Subsequent to the service of the writ, J. Morin, claiming to be the real

owner of the package, tendered the charges thereon and de-
manded the same, and, on refusal, brought replevin against
Bailey.  A motion to dismiss the appeal from the justice of
the peace was made on two grounds: first, that the justice
of the peace did not have jurisdiction, because the subject-
matter is involved in a suit pending in the Circuit Court;
second, the property was impounded in the possession of the
garnishee, and, when replevied, was in the custody of the law,
at the suit of the insurance company against Morin.

It is insisted that the effect of the service of the garnish-
ment on the express company was to impound in the custody
of the law whatever effects of A. Morin it might have in pos-
session, or whatever it might owe him.   The service of the
writ created an initiate and inchoate right on the package of
money, which would be consummate by a condemnation of it
by judgment against the garnishee.

It has been said from the earliest times that property in the
custody of the law cannot be disturbed or withdrawn by proc-
ess from another court, but must remain until that particular
contestation has been decided.   If a state court has, by a
seizure of its officer, acquired jurisdiction over the thing, the
Federal court cannot, by its process, cause that thing to be taken
from the control of the state tribunal, and hold it amenable
to its adjudication.

But the rule is subject to other important modifications.
The writs of attachment, or *fieri facias*, authorize and protect
the sheriff in the seizure of the *defendant's* goods, but are no
uthority to take any other person's — as, where the writ is
against A, and the goods of B are taken; in such case the
goods were not, in the true sense of the rule, in the custody of
the law.   The immunity to other process is dependent on the
fact of whether the officer's seizure was *rightful*.   *Clark* v.
*Skinner*, 20 Johns. 466.   The court repeated, in that case,
what had been said in *Pangborn* v. *Patridge*, 7 Johns. 140 : that
the real test whether replevin will lie for goods taken by an offi—

cer was whether the seizure was tortious, in the sense that trespass *de bonis asportatis* would lie, at the suit of the plaintiff in replevin. Our statute (Code, sec. 1528) gives the action to the party who has the right of immediate possession when the "taking" was *wrongful*.

The cases in our books, especially *Yarborough* v. *Hooper*, 25 Miss. 112, and *Fora* v. *Dyer*, 26 Miss. 243, rest on that principle. In those cases emphasis is laid on the fact that the writs only justified the taking of the defendant's property, and conferred no authority or excuse for taking the property of any other person. Such other person could treat the officer as a trespasser.

In later cases it has been held that replevin would lie, at the suit of the debtor, for taking exempt personal property, because such property was as completely protected from the writs as was the property of the third person; and the sheriff would be a trespasser in taking it. Within the statute, the taking was wrongful, and the plaintiff had the right of immediate possession. So that both the taking and *detention* were wrongful.

In the case before us the original possession of the express company was lawful; the package of money was delivered to it as a carrier, to perform a certain service with respect to it as bailee. But J. Morin, claiming to be the real owner of the package, on a tender of the charges for the service, demands that it shall be given to him. If he is the owner, and no other person has acquired his right, the detention would be unlawful and wrongful. The agreed case is that the express company has been garnished on account of the possession of this package, by the insurance company, the judgment-creditor of A. Morin. But there has been no trial or adjudication of that matter; it is pending and undetermined. In *Kellogg* v. *Freeman*, 50 Miss. 126, the plea in bar on the debt claimed by Freeman was that the defendant, Kellogg, had been garnished by Battaile & Hubbell, the creditors of Freeman, that

the defendant has answered admitting indebtedness, that the attachment suit is pending, and defendant has not been discharged. The plea was held to be bad.

It did not show that, by the judgment of the court, he had been condemned to be the debtor of the attaching creditors, instead of his original creditor, Freeman. The remedy of the defendant in that case was the proceeding defined in section 1451, a substitute for the interpleader in equity. But the matter of the plea was no bar to that action.

In this case the suit is for the specific thing, and the objection to the action at law is that the package has been subjected to an initiatory lien, by garnishment process, in behalf of the insurance company; and, therefore, until that controversy has been settled, replevin will not lie against it or its agent. But the plaintiff says that the package is *wrongfully* detained from him; and he will not be postponed until that litigation has ended.

The remedy of the garnishee is under section 1451. He may allege that he has been notified that another person claims title or interest in the debt or property, and by complying with the terms of the law the conflicting claimants will be required to propound their claims, and the court will decide between them, and he will be protected. That step might be taken in the suit pending in the Circuit Court, of which the garnishment is a part, or the defendant might avail of the proceeding authorized by section 656.

These statutory provisions were suggested by the embarrassment to which a party might be subject where there was more than one claimant of the debt or property for which he was sued, and to which he asserted no right. A garnishee, if he admits that he owes the debt, or. has no right to the property, may relieve himself of all risk and responsibility by causing the parties who have adversary claims to controvert with each other.

If the defendant declines to withdraw from the controversy, as the statute gives him the opportunity to do, he must

take the chances of the suit in which he is defendant, and cannot move to dismiss it because some other person not a party to the replevin suit has, by legal proceedings, asserted some right or interest in the property.

It was error to have dismissed the suit on the motion of the defendant in error.

We rest this conclusion on the construction which has been for a long time given to the statute defining the remedy by the action of replevin, and the class of cases to which that action has been applied.

Nor is it possible that the defendant can be exposed to two suits by adverse claimants of the property, if he is a mere bailee, without personal interest or right, if he will adopt the plain and simple formula of interpleader prescribed by the statute.

Judgment reversed and cause remanded for further proceedings.