John W. Fewell et al. *v.* American Surety Company et al.*

1. Government Contracts. *Assignments. Revised Statutes of United States, §§ 3477, 3737.*

Sections 3477, 3737, Revised Statutes of the United States, relating to assignment of contracts made with the government, have no application to a controversy between private persons, after the contract is executed, touching the disposition of money received from the government.

2. Garnishment. *Partnership. Joint debt. Code* 1892, §§ 751, 752, 2143.

A debt due to several persons jointly, but not as partners, may be garnished by the creditor of one of them, under code 1892, §§ 751, 752, authorizing the entry at law of as many verdicts and judgments as may be necessary to effectuate justice, and code 1892, § 2143, providing for the assertion by third persons of "an interest in the debt" owed by a garnishee.

3. Copartnership. *Contract. Partner's inter se.*

Where several creditors of a common debtor jointly entered into a contract with him by which they were to make *pro rata* advances to enable a third party to complete an undertaking upon which their debtor had entered, and the compensation to be received therefrom was, by agreement of all the parties, to be applied to their debt, the parties not intending a copartnership, they did not, as between themselves, become partners.

From the circuit court of Lauderdale county.

Hon. Green B. Huddleston, Judge.

Fewell and another, appellants, were plaintiffs in the court below; the American Surety Company, and others, were defendants there. The facts are stated in the opinion of the court.

*This case was decided at the March term, 1900, and should have been reported in 78 Miss.; the record, however, was misplaced, hence the delay in reporting. Something of the history of the transactions out of which the controversy arose may be learned from the case of *American Surety Co.* v. *United States, use, etc.,* 76 Miss., 289.

*Fewell & Son,* for appellants.

First. Was the contract set out in the traverse, that is to say, the contract, of June 30, 1897, between the defendants and the garnishees, whereby the contract for the construction of the United States postoffice building at Meridian by F. B. Stowell & Co., the contractors with the government, was turned over to the defendants and the Citizens Savings Bank, one of the garnishees, void under sec. 3477 or sec. 3737 of the revised statutes of the United States in such sense that the defendants could have no right of action against the garnishees for the money collected by them from the government for work done on the building referred to under the contract between the contractors and the government, and under the said contract of June 30, 1897, and wrongfully appropriated to the use of the garnishees in violation of the contract last referred to?

It is contended that under said sec. 3477 the contract of June 30, 1897, whereby the proceeds of the contract with Stowell & Co. with the government were to be paid to the defendants and the Citizens' Savings Bank, or to certain committeemen for them, was void as to all persons, and conferred no rights upon the contracting parties, and that the garnishee, Citizens' Savings Bank, which bank is alleged to have collected a large sum of money from the government under the contract, and to have wrongfully appropriated the whole amount of such collection to its own use, in violation of its contract, can now plead the statute referred to and escape all liability to its co-contractors for their share of such collections.

That the contract of June 30, 1897, was void as between the United States government and the parties to that contract, or rather that the government had a right to disregard such assignment (if assignment it was), may be conceded; indeed, that very question had been decided by this court in the case of *The American Surety Company* v. *United States, use of Mellon Hardware Company,* 76 Miss., 289, a case arising upon

this same contract between the government and the same contractors.

In that case the surety of the contractors sought, in the defense of the suit upon the bond given as such surety, to avoid the obligation of the bond by pleading a wrongful refusal of the government to recognize the contract of June 30, 1897, and this court held that such contract was void as to the government under sec. 3477 aforesaid, and that therefore there was no violation by the government of any duty it owned the surety which operated to release the surety. The sole question presented and decided in that case was the question of the validity of the contract of June 30, 1897, as between the government and the parties to that contract, and no other question was or could have been decided; but the question now presented is a very different one; it is as to the validity of the contract of June 30, 1897, between the parties to that contract, the government having no interest in or connection with the matter.

Whilst the case of *Spofford* v. *Kirk,* and some other early decisions of the supreme court of the United States, laid down the law to be that such assignments were void as to and between all parties, and could not be the predicate of suits between persons claiming under such contracts the later and better decisions hold with great unanimity that while such contracts may be void in so far as they are set up as the basis of any recovery against the government, they are valid and binding between the parties thereto, and that they confer rights on the parties which will be enforced by the courts.

. A leading case, and one exactly like the case at bar, is that of *Yorke* v. *Conde*—decided first at *nisi prius,* then in the supreme court of New York, and again in the New York court of appeals—in all of which courts it was held that the assignment was good as between the parties. In that case there was a contract with the government, there was an assignment by the contractor to one of his creditors, of moneys to come from the government under the contract, and there was a collection

by a third party of certain of these moneys and a suit by the party to whom the money had been assigned against the person so collecting such moneys, which suit was sustained. This case went to the supreme court of the United States, where, although the court held that it had no jurisdiction, the opinion of the court of appeals of New York was cited with evident approval. This case is reported, 42 N. E., 193, in 147 N. Y., 486, and 168 U. S., 642. It will be noted that this case is authority directly in point on the question of the validity of the assignment, and also on the promise to be implied by the law from one person to another arising from the appropriation by one of the money of another.

Another leading and strong case as to the validity of certain assignments between the parties is *The Farmers National Bank* v. *Robinson,* 53 Pacific, 762.

The same conclusion was reached in *Leonard* v. *Whaly,* 36 N. Y., 147. And the cases of *Hobbs* v. *McLean,* 117 U. S., 567; *Bailey* v. *United States,* 109 U. S., 432; *Trust Company* v. *Shepperd,* 127 U. S., 494; *Goodman* v. *Niblack,* 102 U. S., 556, were cited in support of the decision. In the case of *Leonard* v. *Whaly, supra,* the court wound up its decision sustaining the assignment between the parties with the expression, "The judgment is just, and in the interest of good morals and preventive of an outrageous fraud." This expression may be used with great propriety on the facts of the case now at bar.

The same ruling was made in the case of *Jernegan* v. *Osborne (Sup. Judicial Court of Mass.),* 29 N. E., 520. To the same point is *Dexter* v. *Meigs* (N. J. Eq.), 21 Atl., 114, and in this case the court expressed the opinion that the decision in *Spofford* v. *Kirk* was erroneous.

In the case of *Price* v. *Forest,* decided by the supreme court of the United States, in 1899, the court virtually decided that the assignment of a claim against the government was good, even as between the government and the assignee, notwithstanding sec. 3477 referred to. And such assignment was held

good as between the parties *In re Hone,* N. Y. Ct. of Ap., 47 N. E., 798.

In all these decisions the court say the statute was designed only to protect the government, and not individuals, and not intended to be the support of fraud such as attempted to be set up in this case.

In the case of *Dulaney* v. *Scudder,* U. S. C. C. of Ap., 5th Circuit, decided March, 1899, very much such a contract as the one now before the court was held good and binding between the parties, notwithstanding secs. 3477 and 3737 of the revised statutes of the United States. 94 Fed. Rep., 6. See the authorities cited in that case.

Aside from the many decisions on this subject we have in our own supreme court analogous decisions; decisions which deny the rights of a party to a contract that is even illegal to put in his pocket the proceeds of such contract against his co-partner in the illegal transaction. *Gilliam* v. *Brown,* 43 Miss., 641; *Howe* v. *Jolly,* 68 Miss., 323.

The second question is: Was the debt of the garnishees, arising as it did, and being of the nature set out, an indebtedness which could be reached by garnishment at law?

Under the well established rule if an action of assumpsit would have laid between the defendants and the garnishees, the debt is garnishable. *Williams* v. *Gage,* 49 Miss., 777.

That such an action—assumpsit—would be maintainable by the defendants against the garnishees, we think is clear. The action of assumpsit has itself something of an equitable nature, and has been likened to a bill in equity. It may be founded not only upon a claim for money due under a contract, but it is sustainable in any case where *ex aequo et bono,* the law will imply a promise to pay.

The essential facts set up in the traverse are the agreement to divide the proceeds of the work to be done, the appointment of agents to do the work, the completion of the work, the collection of the money by one of the parties to the contract, and

the appropriation of all of it to its debt in violation of the rights of the other parties. It is a case for money had and received, and the implied promise to pay it over—assumpsit.

If there be an element of trust (which we deny to exist in the sense that a trust cannot be enforced in a court of law), it is what is called a dry or terminated trust. 14 Am. & Eng. Enc. Law (2d ed.), 762. There are no accounts to settle. It is simply the case of an agreement between several persons creditors of the third person to do certain things and collect certain moneys, and divide the money pro rata between them. One has taken it all, and may be sued by the others for their shares. There is nothing complicated, nothing which cannot readily be decided by a jury. Nothing is needed but to ascertain whether the garnishees collected the money under the contract as alleged, and to what amount plaintiffs (defendants) are entitled.

*Miller & Baskin* and *Alexander & Alexander,* for appellees.

The traverse viewed in connection with the contract between the bank and the materialmen shows no debt or liability due by the garnishees to the defendants such as is subject to garnishment.

The agreement for completing the work constituted a partnership between the bank and the materialmen, and, if the money alleged to be collected by the bank, was not appropriable to its own debt, the most that plaintiffs can claim is that it belongs to the partnership of which both the bank and the defendants are members. If that be so, the debt due is clearly not garnishable on a judgment against a part of the members. But if the parties be viewed as joint creditors, and we eliminate the trust feature, the law is settled that the debt or liability cannot be garnished.

If the garnishee has money of the defendant and another jointly, he is not chargeable by garnishment (this is the case of an insurance policy due to defendant and others jointly).

*French* v. *Rogers,* 16 N. H., 177, citing, 6 Mass., 271; 9 Mass. (464), 490; 10 N. H., 104.

A demand due in part only to the principal defendant, cannot be reached by garnishment. *Kennedy* v. *McLellan,* 76 Mich., 598.

The promisor in a note payable to two persons cannot be garnished on a judgment against one of them. *Hanson* v. *Davis,* 19 N. H., 133.

In *Hawkes* v. *Waltham,* 18 Pick., 451, the same rule is announced, and Chief Justice Shaw repudiated the earlier cases which seemed to hold to a contrary doctrine, and especially the case in 6 Pickering, which is one of two or three cases which are thought to support the contrary rule.

Where money is collected by one as trustee under an arrangement to pay certain expenses and divide the remainder between two persons, the trustee cannot be garnished on a judgment against one of them. *Willard* v. *Wing,* 70 Vt., 123. To the same effect is *Farwell* v. *Chambers,* 62 Mich., 316; *Lake Shore Co.* v. *Scott,* 174 Ill., 413.

The citation by appellants of *Williams* v. *Gage,* 49 Miss., 777, is for them very unfortunate, as it recognizes and emphasizes the very rule we contend for, and while it says that assumpsit has something of an equitable nature, it held that the remedy by garnishment was strictly legal.

If there were no authorities on the subject, a moment's reflection would show that the garnishment was not maintainable. The right to sue, if it exists, is in Street and Herzog. They are not even parties to this garnishment, and there is no effort on the part of the plaintiff to proceed through them. They ignore them. Again, the bank is conceded to be the owner equitably of a large part of the funds. The amount which it is entitled to is uncertain. The expenses of completing the building are to be deducted, and the amount advanced by the bank and by the others. It does not appear how much has been paid to the materialmen. The trustees are entitled to compensation. The

pro rata of each must be ascertained. If the contract does not create a partnership technically it has every feature of one, so far as requiring an accounting in order to settle the trust and effect a distribution, and, hence, *Williams* v. *Gage, supra,* is clearly in point.

BRAME, Special J., delivered the opinion of the court.*

In 1896 Stowell & Co. entered into a contract with the United States to erect a public building at Meridian, Miss. They gave bond conditioned for the performance of the contract, with the American Surety Company as surety. Said contractors being largely in debt, and not being able to complete the building, on June 30, 1897, entered into a written agreement with certain of their creditors looking to the carrying out of the contract for the benefit of the latter. The parties signing this agreement, besides the contractors, were the American Terra Cotta & Ceramic Co., E. R. Brainard, Michael D. Flavin, and the Allen Cornice Works, creditors and subcontractors. The Citizens' Savings Bank of Meridian, another creditor, signed also, and so did the American Surety Company.

This agreement recited the attitude and relation of the parties, and the inability of the contractors to proceed further, and it was stipulated therein that Street and Herzog, styled a committee, should take charge of the work, provide the necessary labor and material, and complete the building. It was further agreed that Stowell & Co. were from that time to have only a nominal connection with the contract, but that if necessary they were to sign all vouchers required by the government, and that the committee, Street and Herzog, should receive all moneys on such vouchers, and, after defraying expenses, distribute the same pro rata among the above named creditors of Stowell & Co. The agreement also provided for pro rata advances to be made by these creditors in order to complete

---

*Judge Terrel recused himself and took no part in the decision of this case; L. Brame, Esq., a member of the supreme court bar, was appointed as special judge and presided in his place.

the work. Pursuant to the agreement, the committee completed the building, and it was accepted by the government, and a voucher for $10,000 was issued therefor, and the money was collected thereon. In some way not clearly explained in the record, appellees, the said Citizens' Savings Bank and George M. Hodges, came into possession of this money, and, with full notice of the rights of all concerned, the said garnishees appropriated the money or applied it to the indebtedness of the bank in violation of the rights of the other creditors under said agreement. In December, 1898, Fewell et al., appellants, creditors of said other parties, sued out an attachment for $1,000 against them, and, as we understand, against the American Surety Company; at the same time a garnishment was issued against Hodges, the Citizens' Savings Bank, and others. The record is not explicit as to who the several defendants were, or who was garnished (by agreement of counsel the original proceedings being omitted from the transcript), and the case being brought to this court on an issue made as to two of the garnishees. Plaintiffs in attachment having obtained judgment against the defendants, and the garnishees, Hodges, and Citizens' Savings Bank, having filed separate answers denying indebtedness to the defendants, the plaintiffs traversed these answers, setting out in a brief way the above facts as to the collection and conversion of the money and averring that each of the garnishees was indebted to defendants. The garnishees demurred to the traverses, and moved to strike the same from the files on various grounds assigned, the substance of which was that the assignment of the government contract was void, that the indebtedness was not such as could be reached by garnishment, and that the traverse was vague and insufficient. This was in July, 1899. The record does not show any disposition of the demurrers or the motions to strike out at that time. Thereupon the plaintiffs presented an amended traverse, averring at length and with more particularity the facts above stated as to the government contract, the agreement of June

30, 1897, the completion of the building, and the collection and conversion of the money by the garnishees, Hodges, and Citizens' Savings Bank. The record does not distinctly show the date of presenting this amended traverse, or that it was filed. But the garnishees demurred to it and moved to strike out the same on the grounds substantially as above stated, and an additional ground of the motion was that the amended traverse was filed without leave of court. At the January term, 1900, the record shows that the motion to strike out the original traverses, and the demurrers thereto came on to be heard, and were sustained, and that thereupon the motion of the plaintiffs to file their amended traverse was overruled on the ground that the same presented no sufficient response to the answers of the garnishees. Plaintiffs excepted to the action of the court, and declined to plead further, and thereupon judgment final was rendered in favor of the garnishees, from which plaintiffs appeal.

The United States is not interested in this litigation. The contract was fully executed so far as the government was concerned. The building was completed and paid for, and this controversy is alone between the parties hereto as to the disposition of the money received for its erection. Therefore, secs. 3737, 3477, United States revised statutes, relating to assignments of contracts made with the government, have no application. The primary purpose of these statutes is to protect the government, and they cannot be relied upon for protection by parties situated as the appellees are. *Goodman* v. *Niblack,* 102 U. S., 556; *Bailey* v. *United States,* 109 *Ib.,* 432; *Hobbs* v. *McLean,* 117 *Ib.,* 567; *Freedman's Savings Co.* v. *Shepherd,* 127 *Ib.,* 494; *Yorke* v. *Conde,* 147 N. Y., 486, indirectly approved in 168 U. S., 642.

In *Howe* v. *Jolly,* 68 Miss., 323, it was held that the act of 1886, declaring that there shall be no property in intoxicating liquors kept for sale in violation of law, does not apply as between partners in such business so as to permit one partner to

convert to his own use liquors unlawfully kept without liability to his co-partner. See, also, *Gilliam* v. *Brown,* 43 Miss., 325. The principle is applicable here.

The decision in *Surety Company* v. *United States,* 76 Miss., 289, where the transfer or assignment involved here was held void, is distinguishable. In that case the government, for the use of another party, was suing on the bond of the surety company to enforce compliance with the contract. Being a party to the suit, brought to enforce the contract, it was in a position to successfully urge the invalidity of the assignment under the federal statutes.

The solution of the question whether the indebtedness alleged to be due by the garnishees to the defendants is subject to garnishment, has given us considerable difficulty. The garnishee, Hodges, was not a party to the agreement of June 30, 1897, under which Street and Herzog, styled a committee, were to carry out the contract with the government, complete the building, collect the money, and pay it over to the Citizens' Savings Bank and other creditors of Stowell & Co., and hence it cannot be claimed that he was a partner of the defendants, or of any of the parties. If the said agreement of June 30th, and what was done under it, constituted a partnership, then it is plain that the garnishment cannot be maintained, certainly as to the bank, for it was a party to that agreement. It is well settled that garnishment, being a legal proceeding, and not adapted to the investigation of accounts, cannot be maintained against a partnership for a debt due by one or more of the partners. *Williams* v. *Gage,* 49 Miss., 777.

But we do not regard this arrangement of the several creditors of Stowell & Co. as a partnership, at least as between the parties. It was but a single venture, an agreement made by creditors with a view to collecting their debts. It is true that trustees were selected, and expenses were to be incurred, and the money collected and disbursed, but it cannot be supposed that the parties, represented as they were by counsel, in

making this agreement, ever contemplated forming a partnership. As between the parties, in a joint venture, the usual test of a partnership is the intent of the persons to form one. If the parties do not intend to become partners, ordinarily they cannot be considered as such. 17 Am. & Eng. Enc. Law (1st ed.), pages 832, 833, and authorities cited. No rights of creditors or third persons are involved here. We regard this, as the parties themselves did, a mere venture of the creditors of a common debtor having in view the carrying out of a contract, and the collection of their debts. No partnership was contemplated, and none was created; the parties were mere joint creditors.

The contract with the government had been executed, the work had been done, and the money paid over. The defendants severally and the Citizens' Savings Bank were entitled to their respective shares of the same, and under the facts set up in the amended traverse we think an action could have been maintained by either of the parties for the recovery of the amount due, as for money had and received, or in assumpsit. This being true, garnishment is maintainable if a joint debt—that is, an indebtedness due to the defendant and another or others, can be subjected by that process. On this question the authorities are very much divided. We have carefully examined all those cited, and some others developed by our own research. In 14 Am. & Eng. Enc. Law (2d ed.), page 798, the authorities are grouped, and the conclusion of the text is that such a debt is not garnishable. But a careful reading of the decisions, especially in view of the liberal provisions of our statutes, convinces us that the true rule is announced in the first edition of the Encyclopedia of Law, vol. 8, p. 1169, where it is said that a joint debt may be garnished. The authorities in support of the proposition are collected in the opinion of the court in the case of *Moore* v. *Gilmore,* 16 Wash., 123 (58 Am. St. Rep., 20), and we approve that decision. See, also, *Fogleman* v. *Shively,* 4 Ind. App., 197 (51 Am. St. Rep., 213) ; and

Drake on Attachments, 572; and *Piper* v. *Hanley,* 48 Vt., 479.

A number of the decisions cited in the new edition of the Encyclopedia of Law as being in opposition to the right to garnish a joint debt were made in partnership cases, and hence they are not applicable, it being, we believe, universally conceded that garnishment will not lie in such cases unless specially authorized by statute.

In the case of *Kennedy* v. *McLellan,* 76 Mich., 598, relied upon by appellees, it was held that a judgment in a garnishment proceeding, brought to subject the interest of one of two joint payees in a life insurance policy, was invalid, and the case is cited with others as holding that a joint debt may not be garnished. But the opinion of the court in that case was rested solely upon the fact that the other payee had not been brought in under an act of 1885 authorizing the interpleader of any third person having a claim to the property or debt, or a "part thereof." We think if the other payee had been made a party, the garnishment judgment would have been upheld. Therefore the case is as we view it, an authority in support of the proposition that a joint judgment may be garnished where there is an interpleader statute such as we have.

Section 2143 of our code of 1892 provides that where the garnishee, before or after final judgment against him, shall show that another person claims title to or "an interest in the debt," or property due from him or in his hands, the court shall suspend all further proceedings and summon such person, and provision is made for protecting his interests. This being done, it is impossible by the garnishment proceedings to prejudice the rights of such joint owner or to put him in a worse attitude, and the possibility of doing this is the reason generally assigned against the proceeding by those courts which hold that a joint debt is not garnishable.

It is true as argued that the amount of the indebtedness due each of the several defendants is uncertain, and that there may be difficulty in fixing it, but this practical difficulty cannot

affect the general rule or control the jurisdiction. Similar obstacles are encountered in many actions at law. If the accounts are intricate, the court may direct a trial by referees under § 743 of the code.

It is urged against the garnishment that as the amount is uncertain, the garnishees could not know what amount to pay into court. If the right of paying into court ever affected the question we are considering, we do not think it does so now. As a condition precedent to the right to interpleading a third person, the code of 1880, § 2449, required that the money should be paid into court, but this was changed by § 2143, code 1892, and now the requirement does not exist, though the garnishee may pay the money in, if he so desire, and by so doing be relieved from all further liability as to the sum so paid. The traverse refers to Street as one of the garnishees, though he is not a party to this appeal. If, as argued, he was not made a party to the garnishment, he may be interpleaded. In *Kellogg* v. *Freeman,* 50 Miss., 127, it was said that our mode of interpleader in garnishment cases is a substitute for the remedy by interpleader in equity. As further illustrating the extended powers of the court in matters of procedure under the statute, see *Morin* v. *Bailey,* 55 Miss., 570; *Horton* v. *Grant,* 56 *Ib.,* 404; *Dodds* v. *Gregory,* 61 *Ib.,* 351; *Bank* v. *Smith,* 75 *Ib.,* 753. In this connection it is not improper to consider also §§ 751 and 752, code 1892, providing that such and so many verdicts and judgments, joint, separate and cross, as may be necessary to effectuate justice, may be rendered in the same case in actions at law.

We do not forget that garnishment as it exists with us is statutory, and is in the main, if not wholly, a legal proceeding. But it is remedial, and in view of the many liberal provisions of our statutes as to procedure, we do not think there is occasion for confining the remedy within narrow and technical limits, or that there is danger of causing any injustice or embarassment to third persons by holdng that a joint debt may be garnished.

It is easy to imagine cases in which it would be vitally important to proceed promptly by attachment and garnishment, in order to subject a debt or personal property of the defendant, and the fact that another is jointly interested in the debt or property is not in our opinion ground for denying the remedy in such cases and compelling a resort to a court of equity.

The amended traverse of the answers, though somewhat defective as a matter of pleading, showed a substantial right to proceed against the garnishees, and it was error not to allow the same to be filed.

*Judgment reversed, amended traverse allowed to be filed, and cause remanded for further proceedings in accordance with this opinion.*