GEORGE F. BARNEY ET AL. V. MOORE-HAGGERTY LUMBER
COMPANY.

[48 South. 232.]

1. ATTACHMENTS. *Partners. Non-residence. Code* 1906, § 131.

An attachment against partners by partnership creditors on the
ground of non-residence cannot be maintained, where one of
the partners resides in this state; that ground of attachment,
the first one, being expressly excepted by Code 1906, § 131, regu-
lating such cases.

2. SAME. *Supreme court practice. Error on trial of attachment is-
sue. Effect on debt issue.*

Prejudicial error against defendant in the trial of an attachment
issue requires the reversal of the judgment sustaining the at-
tachment and condemning the property seized; but does not
warrant the reversal of a judgment against a defendant on the
debt issue, where he entered his appearance thereto and liti-
gated the question of his indebtedness to the plaintiffs.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

The Lumber company, appellee, was plaintiff in the court
below; Barney and another, partners doing business under the
firm name of Barney & Hines, appellants, were defendants
there.   Barney, one of the defendants, lived in Amite county,
Mississippi, his partner, Hines, lived in Memphis, Tennessee.

The suit was an attachment against both partners by plain-
tiff, a partnership creditor, on the ground of defendant's non-
residence; the affidavit also charged that the debt sued upon
was fraudulently contracted, but of this there was practically no
proof.   The court below gave a peremptory instruction on the
attachment issue in plaintiff's favor, and that issue was decided
accordingly.

The defendants appeared and pleaded to the declaration on
the debt and the issues presented thereon was decided against
them, and they appealed to the supreme court.

*C. M. Whitworth,* for appellant.

The only ground of attachment relied upon and considered by appellees in the court below, was that appellants were non-residents. It is clearly shown, with no evidence to the contrary, that Barney and Hines, defendants were engaged in a partnership business, occupying and maintaining an office at Gloster, Amite county, Mississippi, where Barney, one member of the firm, was living prior to and at the time of the suing out of this attachment; the other branch of the business was at Memphis, Tenn., where Hines resided and maintained an office. Barney not only resided at Gloster, Mississippi, but owned large property interests there at the time this attachment was issued.

The action of the court below was clearly erroneous in sustaining the attachment under Code 1906, § 131. It is clear from this section that non-residence of one of the partnership firm is insufficient to justify an attachment against the partnership firm or the other member who is a resident of the state. The phrase, "save the first" eliminates all liability of the partnership and the other resident members from attachment, because of the non-residence of one of the firm. Quoting this clause from the section "And the property of the partnership, in either case, may be levied on and dealt with in all respects as if the grounds of attachment existed as to all the partners," the phrase "in either case," has reference to the other grounds of attachment, but does not include the first ground, because this ground has been excluded by the phrase "save the first." *Cohen v. Gamble,* 71 Miss. 482, 15 South. 236.

*Sullivan & Tally,* for appellees.

The uncontradicted testimony in the record shows that the firm of Barney & Hines was a copartnership with their main office at Memphis, Tennessee, and that Hines was at the time of the suing out of the attachment, and had been for several years prior thereto, a citizen and resident of Tennessee, and,

therefore, was a non-resident of the state of Mississippi, while the other member of the firm was a resident at the time of the county of Amite, state of Mississippi, and that said partnership had a branch office in the town of Gloster. So we have the simple proposition, is the firm property of a copartnership subject to attachment under Code 1906, § 131, under the above state of facts.

If the above state of facts does not subject the firm property to attachment on the ground of non-residence then the remedy by attachment is not a remedy to aid a creditor in collecting his debt, but would be a hinderance, or in other words, would greatly assist a copartnership debtor to defraud his creditors in the collection of their debts. Let us for a moment suppose that a man of wealth residing in Memphis, Tennessee, desires to do business in Mississippi, and also desires to defraud those who sold him property, out of the collection of their debts. In order to carry out his scheme he need only get a straw man for a partner and have him live in the state of Mississippi.

For authority to support our contention we cite the case of *Cohen v. Gamble,* 71 Miss. 478, 15 South. 236; there the court said, on page 481, speaking through Chief Justice CAMPBELL, "Section 127 of the Code of 1892 (which is the same as section 131 of the Code of 1906) is an enabling act, and does not abridge any right. It makes any ground for attachment against any of the partners, except the first ground, which is non-residence, ground for attachment against all the partners, as if all were parties to the ground. It makes the act of one the act of all, so far as to subject partners and partnership property to attachment, on any ground for attachment except non-residence. A creditor of a partnership may pursue any member of the partnership individually, and is not hindered by section 127; this right exists by virtue of section 2353, Code 1892. Section 126 has no influence on the question, and, indeed, is useless except to declare the law existing independently of it, and the same sections referred to were brought forward and are now a part of the Code of 1906.

MAYES, J., delivered the opinion of the court.

A peremptory instruction should not have been given on the attachment issue on either of the grounds alleged in the affidavit. The first ground alleged that the defendants were nonresidents of the state, but the facts demonstrate that one of the partners resided in Amite county, in the state of Mississippi, and therefore this ground of attachment necessarily fails, since section 131 of the Code of 1906, contemplates that, where one or more of the partners reside in this state, an attachment cannot be sustained on the ground of non-residence. As to the second ground, which is that the debt was fraudulently contracted, etc., the evidence certainly does not warrant a peremptory instruction as to this. It follows that the peremptory instruction given on the attachment issue was error, and for this reason the judgment is reversed and remanded on this issue.

As to the debt issue, there was a general appearance entered and a trial had, resulting in a verdict for the plaintiff, and we think properly. Therefore, as to this issue, the case is affirmed.

*Affirmed in part, reversed in part.*