DINWIDDIE *v.* GLASS ET AL.

[71 South. 745.]

1. PARTNERSHIP.  *Liability of partners.  Attachment.  Nonresidents.
    Equity.  Chancery jurisdiction.  Constitutionality of statute.*
    The liability of partners is joint and several.

2. ATTACHMENT.  *Nonresident.  Equity.*
    Section 536, Code 1906, authorizing attachments ·in chancery ex-
    pressly gives this remedy to creditors, when the debtor is non-
    resident, absent or absconding and has lands and tenements
    within this state that can be reached by attachment, and tne
    chancery court had jurisdiction of a bill against a nonresident
    partner to enforce his individual liability for a debt, and to is-
    sue an attachment against his individual real estate in this
    state.

3. ATTACHMENT.  *Chancery jurisdiction.  Constitutionality of statute.*
    Section 536, Code 1906, providing for attachment in chancery, is
    constitutional, since this statute as interpreted by our court, was
    a part of the jurisprudence of the state when the framer of the
    present constitution defined the jurisdiction to be exercised by the
    chancery court, and instead of undertaking to limit the juris-
    diction which the courts had expressly declared to be conferred
    by the statute, by section 159 subd, "F." of the constitution ex-
    pressly declared the chancery court to have full jurisdiction in
    "all cases of which said court had jurisdiction under the laws in
    force when this constitution is put in operation."

APPEAL from the chancery court of Quitman county.
HON. J. A. MAY, Chancellor.

Bill by H. D. Glass and another against Robert Dinwid-
die, with attachment in chancery.  Demurrer to bill over-
ruled, and defendant appeals.

The facts are fully stated in the opinion of the court.

*W. M. Donaldson,* for appellant.

111 Miss.—29

STEVENS. J., delivered the opinion of the court.

This is an attachment in chancery, instituted by appellees as complainants in the court below against appellant, a nonresident of the state, whose domicile and post office address is Louisville, Ky. The bill properly charges and sets out an indebtness due complainants by the Dinwiddie Stave Company, a partnership composed of Robert Dinwiddie, the defendant, and appellant here, and his partner, C. S. Crawford. The bill charges that the defendant is the owner of certain real estate in the town of Marks, Quitman county, Miss., particularly described in the bill, the prayer of which is for an attachment in accordance with the provisions of section 536, Code of 1906. The attachment was properly levied, and the defendant was personally served with process, and in response to the summons he appeared and interposed a demurrer, the substance of which is the averment that equity has no jurisdiction; that the remedy at law is full, adequate, and complete; that the nonresident partner cannot be attached in chancery when the partnership business is conducted in Mississippi and one of the partners is a resident of this state; and that the statute in question (section 536, Code of 1906) is unconstitutional, in that it attempts to confer a statutory jurisdiction in excess of the jurisdiction conferred on chancery courts by the Constitution. The demurrer was overruled, but an appeal was granted to settle the principles of the case.

The remedy invoked in this case is purely statutory. Complainants have brought themselves within the terms of the statute. This is neither an action against the partners jointly nor one against the partnership property. The liability of partners is joint and several, and the theory of the bill is that appellant, a nonresident partner, is individually liable to the complainants for the debt here sued for. Complainants seek a personal decree against him alone, and an attachment against his individual estate. There is nothing in the statute denying to complainants

the right to maintain a suit of this character.  The proceeding is manifestly different from attachments at law, and the statute construed by our court in *Barney & Hines* v. *Lumber Co.*, 95 Miss. 118, 48 So. 232.  Section 536 of the Code, authorizing this attachment in chancery, expressly gives this remedy to creditors when the debtor is "nonresident, absent or absconding," and has lands and tenements within this state that can be reached by attachment.  The case is therefore different from that of *Barney & Hines* v. *Lumber Co., supra.*

The constitutionality of the statute cannot now be doubted or questioned.  While the terms of the statute have been from time to time broadened in the process of re-enactment, the basis of the jurisdiction here conferred has been a part of the statutory law of our state from its earliest time, and, at the time of the adoption of our present Constitution, was a well-recognized part of equity jurisdiction.  There is no brief on file by counsel for appellee, and we therefore do not have the benefit of their citations or views, or the views of the learned chancellor who rendered the decree complained of.  It is stated, however, by Mr. Justice Clayton, in *Freeman* v. *Guion et al.*, 11 Smedes & M. 58, that the early statute which contains the material provisions of the present statute "is copied precisely from one which has been in force in Virginia for many years, and the jurisdiction seems to have been exercised there, without reference to the residence of the complainants," and that "as early as 1807 a statute was in force regulating the mode of proceeding in equity against absent defendants," but only in cases at that time in which equity had original jurisdiction.  It is further stated in this opinion that in 1822 the present statute was passed, commenting on which the opinion further observes:

"It is needless to conjecture what induced the legislation thus to enlarge the jurisdiction of equity.  The statute in regard to attachments at law had been in force for years, and experience might have shown defects which are now concealed.  Certain points, however, appear manifest.  The

property which is proceeded against may be clothed with trusts or covered with frauds, in a manner which may make the remedy more ample in chancery than at law. The rights, too, of the parties may be more carefully guarded. . .' . ` These reasons might have induced it to give a cumulative remedy, and to create a concurrent jurisdiction in this respect in chancery. . . . There is no objection to this view, growing out of the Constitution, because that instrument, in establishing 'a superior court of chancery, with full jurisdiction in all matters of equity,' had reference to the system of equity then in force in this state, as derived from the English system, and modified by our legislation."

And in *Statham et al.* v. *New York Life Ins. Co. et al.,* 45 Miss. 581, 7 Am. Rep. 737, our court, in answer to the jurisdictional question there raised, said:

"This is the renewal of a controversy which prevailed in the High Court of Errors and Appeals for several years, whether the complainant (in such a case as this) must not show in his bill a distinct ground of equity, in addition to the fact that his debtor is absent from, or a nonresident of, the state, and that the home 'defendant has effects belonging to or a debt due to him,' that the 'absconding' or nonresident debtor has lands or tenements in this state. Which view of the subject ought to have prevailed, as an original proposition, was not considered by this court an open question in *Scruggs et al.* v. *Blair* (decided October term, 1870) 44 Miss. 406; but it readhered to what was laid down in *Trotter* v. *White,* 10 Smedes & M. 612, accepting as the doctrine which had been established 'that the basis of the jurisdiction is purely statutory, and depends on the condition of facts, stated in the statute.' "

See, also, *Wallace* v. *Lucas,* 42 So. 607. The statute, therefore, as interpreted by our court, was a part of the jurisprudence of the state when the framers of the present Constitution defined the jurisdiction to be exercised by the chancery court, and instead of undertaking to limit the jurisdiction which the courts had expressly declared

to be conferred by the statute, it is to be observed that section 159, subd. "f," expressly declares the chancery court to have full jurisdiction in "all cases of which the said court had jurisdiction under the laws in force when this constitution is put in operation." There can be no question, therefore, about the constitutionalty of the act in question.

This disposes of the points argued by counsel for appellant, and it follows that in our judgment the decree of the court below should be affirmed, and the cause remanded, with directions to the defendant to answer within thirty days after receipt of mandate by the clerk of the court below.

*Affirmed.*