S. & W. Const. Co. *et al. v.* Wood.

(Division A. May 3, 1943. Suggestion of Error Overruled May 31, 1943.)

[13 So. (2d) 625. No. 35357.]

Herbert Holmes, of Senatobia, and Watkins & Eager, of Jackson, for appellants.

834

James McClure, of Sardis, and **Stovall Lowrey**, of Clarksdale, for appellee.

Argued orally by **Herbert Holmes** and **Thomas H.** **Watkins**, for appellants, and by **James McClure**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an attachment in chancery under Section 173, Code of 1930, which the Reporter will set out.[1] The bill of complaint was filed by the appellee against E. E. Schmied, C. J. Wagner, Charles Weaver and the Bank of Sardis, and alleges in substance that he was employed by Schmied, Wagner and Weaver, and while engaged about their business was injured by their negligence in Panola County. Schmied and Wagner are nonresidents, but Weaver is a resident citizen, of Mississippi. The Bank of Sardis is indebted to them for money deposited by them with it. The prayer of the bill is for a judgment against Schmied, Wagner and Weaver for the damages sustained by the appellee because of his injury, and that the interest of Schmied and Wagner in the debt of the bank to Schmied, Wagner and Weaver be applied to the payment thereof. Process was served personally on Wagner, Weaver and the bank. A motion was filed by the defendants to dismiss the bill of complaint on the ground that it did not present a case for an attachment under the statute. It appears from an agreed statement filed in the court below that Schmied, Wagner and Weaver are ''engaged as partners in the construction''

[1]''The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any non-resident, abent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such non-resident, absent or absconding debtor. The court shall give a decree in personam against such non-resident, absent or absconding debtor if summons has personally served upon him, or if he has entered an appearance.''

work about which the appellee was injured. The motion was overruled and this appeal was granted to save expense and delay, and to settle the principles of the case. The appellee's motion to dismiss the appeal will be overruled and the questions presented by it, decided, in accordance with Dinwiddie v. Glass, 111 Miss. 449, 71 So. 745.; and National City Bank v. Stupp Bros., 147 Miss. 747, 113 So. 340.

The case presented by the record does not come within the attachment provision of Section 173, Code of 1930, for two reasons:

1. The appellee admits that an attachment would not here lie to reach the interest of Weaver, the resident defendant, in the debt due by the Bank of Sardis to this partnership, but points out that he is not attempting to reach that interest but only the interest of his nonresident partners in this debt. That is true, but in order to accomplish this purpose, he has, by his attachment, as effectually withdrawn from the resident defendant the use and control of his interest in this debt due his partnership until the termination of this litigation as would have resulted from the inclusion of that interest in the prayer of the appellee's bill. That interest has been, in effect, attached or impounded for the duration of this lawsuit, and so to do is clearly beyond the scope and purpose of the statute. Cf. Dinwiddie v. Glass, supra.

2. Moreover, in order to ascertain what the interest of these nonresident partners, if any, in this debt is, it would be necessary for the court below to practically wind up the partnership and distribute its assets, for the doing of which Section 173 of the Code makes no provision and consequently the court below was without authority so to do. Cf. Williams v. Gage, 49 Miss. 777; Fewell v. American Surety Co., 80 Miss. 782, 28 So. 755, 92 Am. St. Rep. 625.

The appellant's motion, however, was not to dismiss this attachment but to dismiss the bill of complaint, and consequently the court below committed no error in overruling it, for without the attachment, the appellee's claim

for damages for his injury remains for trial against the two members of this partnership on whom process was served. Ford v. Mutual Life Ins. Co., 194 Miss. 519, 13 So. (2d) 45. What we have said as to the attachment will guide the court below on the return of the case thereto.

Affirmed and remanded.