Statement of the case.

R. HOWE ET AL. v. S. J. JOLLY ET AL.

ILLEGAL CONTRACT.  *In pari delicto; when not applicable.*  *Acts* 1886, *p.* 35.

   The act of March 11, 1886, declaring that there shall be no property in
   intoxicating liquor kept for sale in violation of law, does not apply as
   between partners in such unlawful business, so as to permit one partner
   to convert to his own use the stock of liquors without liability to his
   co-partner.  *Gilliam* v. *Brown*, 43 Miss. 641.

FROM the chancery court of the second district of Chickasaw
county.

HON. BAXTER McFARLAND, Chancellor.

S. J. and C. C. Jolly were partners in the retail liquor business
under the firm name of S. J. Jolly & Co., and were duly licensed.
One Moneghan purchased the interest of C. C. Jolly and the busi-
ness was continued by S. J. Jolly and Moneghan under the same
license and the same firm name.  Before the expiration of the
license, S. J. Jolly, acting without the knowledge or consent of
Moneghan, sold the entire stock to one Cole, and appropriated to
his own use the money derived from the sale.

The goods were attached in the hands of Cole at the suit of
sundry creditors of S. J. and C. C. Jolly, whereupon appellant,
Howe, a creditor of S. J. Jolly and Moneghan, united with Mone-
ghan in filing this bill against S. J. Jolly and Cole and against said
attaching creditors, seeking to have the sale declared fraudulent and
void, and to have the stock of liquors, etc., in the possession of Cole
applied to the partnership debts of S. J. Jolly and Moneghan, to
the exclusion of the creditors of S. J. and C. C. Jolly.

To this bill the attaching creditors demurred on the ground,
among other things, that the partnership business of S. J. Jolly
and Moneghan was carried on in violation of law, and that under
the "local option" law, acts 1886, p. 35, there can be no property
in intoxicating liquors kept for sale in violation of law; and as
Moneghan could not base any claim upon his ownership of the liquors,
that neither he nor Howe could invoke the equitable doctrine that
partnership assets must first be applied to partnership debts.

The demurrer was sustained, and the bill dismissed.

*Clifton & Eckford,* for appellant.

One partner cannot assert as against another that the business which produced the fund in controversy between them was in violation of law.    *Gilliam* v. *Brown,* 43 Miss. 641.

*Lacey & Hill,* for appellees.

Liens can only arise in favor of partners where the partnership is legal.    No legal right can be based on a contract made to violate the law.    1 Bates on Partnership, 112–121.    The lien of the creditor is only derivative from that of the partner.    *Schmidlapp* v. *Currie,* 55 Miss. 597 ;  *Hanover Bank* v. *Klein,* 64 Ib. 144.    There could be no right of property in the stock of liquors kept for sale in violation of law.    Acts 1886, p. 35.

*Buchanan & Stovall,* on same side.

We submit that creditors cannot acquire a lien through a partnership that never legally existed.

COOPER, J., delivered the opinion of the court.

Conceding that Jolly and Moneghan were engaged in unlawfully retailing intoxicating liquor, it does not follow that, as between themselves, one partner might lawfully convert the whole property of the partnership, or that there could be no property in the stock and in the unlawful business.

The authorities are numerous to the contrary, but the question is so completely settled by our own case of *Gilliam* v. *Brown,* 43 Miss. 658, that further citations are unnecessary.

*Reversed, demurrer overruled and defendants permitted to answer within thirty days after the mandate shall have been filed in the court below.*