## William A. Decell *v.* Hazlehurst Oil Mill and Fertilizer Company.

1. Equity Jurisdiction. *Agent. Misappropriation of funds. Accounting. Const.* 1890, *sec.* 147.

    When a court of equity has taken jurisdiction of a proceeding to compel an agent to account for misappropriated funds, its decree will not be disturbed on appeal on the ground that the complainant had a complete remedy at law.

2. Same. *Privilege tax. Non-payment by principal. Code* 1892, § 3401.

    The nonpayment by his principal of the privilege tax imposed upon his business will not shield an agent employed therein from liability for misappropriation of money in the conduct of such business, the law rendering void all contracts made in reference to the business during the period of delinquency not relating to contracts between those engaged in the business, but to those with outside parties.

From the chancery court of Copiah county.

Hon. H. J. Wilson, Special Chancellor.

The appellee, the Hazlehurst Oil Mill and Fertilizer Company, was complainant, and the appellant, Decell, defendant in the court below. The opinion sufficiently states the case.

*Robert B. Mayes,* for appellant.

The appellee has two distinct plants, "The Hazlehurst Oil Mill" and "The Hazlehurst Fertilizer Company." If, as a matter of fact, these two plants had been chartered separately, with a separate individuality in the eyes of the law, and the "Hazlehurst Fertilizer Company," though owned by the "Hazlehurst Oil Mill," had been operated as a separate plant, so that contracts could be made with it separate and apart from the oil mill, and the Hazlehurst Oil Mill had not paid its tax, and the Fertilizer Company had paid its tax, in that state of case, the contract with the fertilizer plant could be enforced.

But the bill shows that there is no separate fertilizer plant, but that the oil mill and the fertilizer plant are but one individual in the eyes of the law. They are inseparably one, and as responsible for each other as it is possible for a unit to be. When this unit started the oil mill, it was liable for the tax on oil mills; when this unit started up its fertilizer plant, it was then additionally liable for the tax on the fertilizer plant. When this unit paid the privilege tax on its fertilizer plant, and failed to pay on its oil mill, it had failed to pay all the tax required by law of it, and cannot maintain any suit on any contract made with it, by reason of such failure to pay for the full privilege.

Another one of the grounds of demurrer interposed is "that there is no equity on the face of complainant's bill." The only part of this indebtedness where there can even be a pretense of right is that part which it is claimed grows out of the dealings with the fertilizer department of the Hazlehurst Oil Mill and Fertilizer Company.

Now, the court is asked to go into this account and charge various items, which complainant claims should be charged on fertilizer account. In short, complainant asks the court to make such an application of the payments as will eliminate the unenforceable part of the debt, or the oil mill account, and leave the defendant liable on the collectible on fertilizer account, if their contention as to its collectibility be correct.

But the lawful debt, according to the facts of the bill, has been more than doubly paid.

This bill of complaint is an anomaly. It is clearly brought in the chancery court for the reason that complainant hoped in some way to avail of his unlawful contract. The bill is clearly a fraud on the jurisdiction of the court, and there is absolutely nothing on the face of it giving a court of equity any jurisdiction whatever. It starts out by alleging that the "accounts are mutual and complicated, and then proceeds to make what purports to be an accurate accounting, and finally exhibits a copy of its ledger showing that it has kept an accurate account.

In case of *Puckett* v. *Fore,* 77 Miss., 391, it is held that "in an action of replevin by the trustee in a deed of trust, given to secure a recited debt, the defendant may show illegality in one part of the debt and usury in other parts, and is entitled to an appropriation of payments to the valid part of the debt."

The whole transaction was an entirety, and was with the oil mill, which was doing business without the payment of the dues by way of privilege taxes to the state, and the contracts are for that reason void. *Bowdre* v. *Carter,* 64 Miss., 221.

We contend that the oil mill and the fertilizer plant have the same relation to each other that partners would have. That the law has created them as an individual, and that the company has become thereby liable for the tax of both businesses, and the nonpayment of the oil mill privilege has the same effect as if no tax had been paid. *McIver* v. *Clarke,* 69 Miss., 408; *Pollard* v. *Phoenix,* 63 Miss., 244; *Pearson* v. *Kendrick,* 75 Miss., 417.

In the case of *Baine* v. *Williams,* 10 Smed. & M., 113, it is said, "A debtor who owes his creditor two distinct demands, has a right, in making payment, to direct its application; if the debtor makes no direction, a court of equity will place the credit where it would be most beneficial to the debtor, on the presumption that it was so desired by him. *Baine* v. *Williams,* 10 Smed. & M., 113; see also *Pucke* v. *Fore,* 77 Miss., 391; 2 Am. & Eng. Enc. Law (2d ed.), 458.

*R. N. Miller,* for appellee.

The bill of complaint charges that complainant is a duly organized and working corporation, that it owns and operates two separate and distinct businesses, each of which is separately taxed by the privilege tax laws.

One business is that of an oil mill, on which it admits that it had not paid the privilege tax for a period covered by the account against Decell.

The other business is that of a fertilizer factory on which it did pay the privilege tax required.

In oil mill business it employed Decell to buy with its own money cotton seed for it, and this he did, in its name, and, of course, these seed were its seed. That he shipped seed so bought enough to cover all money advanced to him, or put in his hands, except the sum of $105.80, which he yet holds and refuses to account for, and for which possibly we have no remedy. In the manufacture of fertilizer it employed Decell to sell hulls and meal and fertilizer for it, giving him the profits above a fixed price as compensation. That he sold a large amount of fertilizer for it, and paid back only a small part of the money, and he now holds of its money for which fertilizers, hulls, etc., were sold the sum of $699.95, for which we have a remedy and demand a judgment.

Complainant kept but a single set of books in which these things were entered in single account.

The privilege tax may be levied on the person, and then each must pay, if there be a partnership, or contracts of course are void. But where the business is taxed, the persons engaged in the business if more than one, do not each have to pay. Counsel for Decell seems to think because our name is Oil Mill and Fertilizer Company that therefore the tax on both of the distinct businesses we own and operate must be paid, and that it is impossible that we own and operate separate businesses. The answer to this is, that his demurrer admits the fact to be true that regardless of our name (which is not taxed) we do own and operate two distinct and separate businesses. The failure of appellee to pay the privilege tax on one business does not relieve the appellant from a liability arising in the course of the other business. *Decell* v. *Lewenthall,* 57 Miss., 331; *Anding* v. *Levy,* 57 Miss., 51.

The appellant took our money and bought seed in our name which we got, and now he says these seed belonging to us ought to be credited to his account for the hulls, meal, and fertilizers sold by him. A gentleman shows himself exceedingly honest and modest who asks that our own cotton seed be credited to his account for our hulls and fertilizers. This court has held that

the title to our cotton seed, bought with our money, which we got into our possession, is not affected by non-payment of the tax. *People's Bank* v. *R. R. Co.*, 65 Miss., 365.

The cases of *Puckett* v. *Fore*, 77 Miss., 391, and *Bowdre* v. *Carter*, 64 Miss., 221, cited by the appellee, have no application to the question under review.

ᶜ The denial of our right to invoke chancery jurisdiction because we had another remedy is for the chancery court alone and not for this court, under section 147 of the constitution.

CALHOON, J., delivered the opinion of the court.

The bill of appellant calls on Decell to account as its agent for money, etc., misappropriated by him in his prosecution of that agency. It sets up that it had two businesses—one as an oil mill, on which, on a misconstruction of the law, it had not paid the privilege tax; and the other as a fertilizer company, on which it had paid the privilege tax, and it is on the fertilizer business it charges misappropriation and demands accounting. Decell demurred on the ground that appellant was one corporation simply, with two branches of business, and, as shown by the bill, had but one set of books, and the nonpayment of the privilege tax was a complete defense to the claims of either branch of the business, and on the ground that there was a complete remedy at law. The court took jurisdiction, and decreed that Decell should account, and we will not disturb the decree on the ground of want of jurisdiction. Mr. Decell is compellable to account with appellant on both branches of its business for what he did as agent. The law making void the contracts of those in reference to their business carried on in disregard of the privilege tax act does not shield Mr. Decell. It has no reference to dealers *inter sese* and their agents in the conduct of their business. It does not authorize or condone embezzlement, nor prevent partners or stockholders from requiring honest settlements among themselves or from their agents. One engaged or employed in the business cannot set up the statute the design of which was to get revenue by

making contracts void in dealings with the outside world, not in the inside management of the business. *Howe* v. *Jolly,* 68 Miss., 323, 8 South., 513; *Gilliam* v. *Brown,* 43 Miss., 641.

*The decree overruling demurrer to the bill is affirmed and the cause is remanded with sixty days to appellant to answer after mandate filed below.*